## EX PARTE WILLIAM H. COLEMAN V. THE STATE.

### No. 4263.   Decided Feb. 12, 1908.

**1.—Habeas Corpus—Extradition—Identity.**

Where upon proceeding on habeas corpus there was no dispute that the relator, who was arrested under an extradition warrant for a felony committed in the demanding State, was the person wanted under such warrant, there was nothing in the point that the relator before coming to this State had passed through or resided in other States than the demanding State after the date of the alleged offense.

**2.—Same—Executive Warrant—Indictment—Affidavit—Clerical Error.**

Where the executive warrant on its face showed that the Governor had inadvertently used the term indictment instead of affidavit, a copy of which affidavit was attached to the extradition papers from the demanding State, there was no merit in the contention that the warrant was defective on that account.

**3.—Same—Indictment—Venue.**

Where upon habeas corpus, involving extradition proceedings, it developed that the relator had been arrested under an executive warrant based upon an affidavit made in the demanding State; and that he was afterwards furnished with a copy of an indictment, found in said demanding State, by the sheriff who arrested him in this State, there was nothing in the contention that said indictment did not allege venue, as this was not required in said demanding State; so that in either case whether the extradition warrant was based upon the indictment or the affidavit, the same was sufficient; and the papers for extradition being in all things formal the relator is remanded to custody for extradition.

From Dallas County.

Original application for writ of habeas corpus asking release of relator from arrest under executive warrant upon extradition proceedings.

The opinion states the case.

*Crawford & Lewis* and *M. L. Dye,* for appellant.

*F. J. McCord,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—This is an original application for a writ of habeas corpus, which was granted by this court, and relator insists that he is illegally restrained of his liberty by A. L. Ledbetter, sheriff of Dallas County, Texas, for various reasons, and asks this court to release him. After the original application was granted by this court, the sheriff came in and made return showing that he held relator in custody under a writ of arrest issued by John C. Bradley, Clerk of the Criminal Court of Jefferson County, Alabama. Second, a warrant of arrest issued by J. F. Williams, justice of the peace, precinct No. 1, Dallas County, Texas. Third, an authorization for the person of Henry Coleman, issued to Robert L. Collier on Jan. 7, 1908, by B. B. Comer, Governor of the State of Alabama, a copy of which is attached. Fourth, an executive warrant for the custody of Henry Coleman, issued on the 13th day of January, 1908, by his Excellency, T. M. Campbell, Governor of the State of Texas. A copy of all of said papers is attached to the sheriff's return.

After the above return was made, the sheriff amended his return, which was entirely proper. The same shows that in addition to the above, he holds relator by virtue of: (a) an affidavit filed by Elisha A. Reeves in the Criminal Court of Jefferson County, Alabama, on the 6th day of January, 1908, charging the relator with murder; (b) a petition filed and sworn to by H. P. Heflin, Solicitor of Jefferson County, Alabama, signed and sworn to on the 6th day of January, A. D. 1908, which petition prays for the extradition of relator to the end that he may be returned to the State of Alabama to be prosecuted for the crime of murder; (c) a warrant of arrest issued by S. L. Weaver, Judge of the Criminal Court of Jefferson County, Alabama, for the arrest of the relator on a charge of murder, the said warrant being issued in January 6, 1908; (d) a requisition issued by the Governor of the State of Alabama, directed to the Governor of the State of Texas, requesting that the relator be apprehended and delivered to Robert L. Collier, to be conveyed to the State of Alabama to be prosecuted for the crime of murder of which he stands charged in the State of Alabama; (e) a written authorization issued by the Governor of the State of Alabama, which confers authority on Robert L. Collier to receive relator for the authorities of the State of Alabama, to answer to a charge of murder alleged to have been committed in said State, the said authorization having been issued on January 7, 1908, a copy of which is attached to the relator's petition, and the original of which is on file in this court; (f) an executive warrant issued by the Governor of the State of Texas, on January 13, 1908, which warrant authorizes the relator's delivery to Robert L. Collier, to be conveyed to the State of Alabama, to be tried on a charge of murder in said State, a copy of which executive warrant is attached to relator's petition filed herein, and the original of which is on file in this court.

The requisition of the Governor of the State of Alabama, reads as follows:

" Executive Department.
State of Alabama,
The Governor of the State of Alabama—

*To His Excellency, the Governor of Texas:*

Whereas, it appears by the annexed copy of an affidavit which is hereby duly certified to be authentic in accordance with the laws of this State, that Henry Coleman stands charged with the crime of murder, committed in the County of Jefferson in this State, and it has been represented to me that Henry Coleman has fled from justice of this State and has taken refuge in the State,

Now, Therefore, pursuant to the provisions of the Constitution and laws of the United States in such case made and provided, I request that you cause the said Henry Coleman to be apprehended and delivered to Robt. L. Collier, who is hereby authorized to receive him and convey him to the State of Alabama, there to be dealt with according to law.

In witness whereof, I have hereunto set my hand and caused the

Great Seal of the State to be affixed at the Capitol, in the city of Montgomery, this 7th day of Jan'y, in the year of our Lord, one thousand nine hundred and eight, and in the one hundred and thirty-second year of American Independence.

B. B. Comer,

(Seal)  Governor of Alabama.

By the Governor,

Frank N. Julian, Secretary of State."

The affidavit upon which said requisition of the Governor of Alabama is issued, is as follows:

"State of Alabama ⎱
Jefferson County.  ⎰  Criminal Court.

Before me, John G. Bradley, Clerk of the Criminal Court, personally appeared H. P. Heflin, who prosecutes the State in said county, who upon oath says that Henry Coleman stands charged in said county with the offense of murder; that said Henry Coleman is now a fugitive from justice in this State, and has taken refuge in the State of Texas. That this application for his extradition is made in good faith, for the sole purpose of prosecuting him for the offense with which he is charged, and not to procure his presence here to serve him with any civil process, nor to collect a debt, nor to enforce any claim, nor for any other improper purpose. That he has investigated the facts in this case, and is of the opinion that a conviction will be had and the petition recommends Robert L. Collier as commissioner on the part of the State of Alabama, to receive this prisoner.

Sworn to and subscribed befor e me this 6th day of January, 1908.

H. P. Heflin,

Solicitor of Jefferson County, Alabama.

John G. Bradley, Clerk of the Criminal Court of Jefferson County, Ala."

The accompanying affidavit of Elisha A. Reeves, reads, as follows:

"The State of Alabama ⎱  The Criminal Court of Jefferson County.
Jefferson County.  ⎰  Term, 190 .

Personally appeared before me, S. L. Weaver, associate judge of the Criminal Court of Jefferson County, in and for said county, Elisha A. Reeves, who being duly sworn, says that Henry Coleman, whose other and further name is unknown to affiant, within twelve months before making this affidavit in said county, did unlawfully and with malice aforethought kill James Cordray by shooting him with a pistol, against the peace and dignity of the State of Alabama.

Subscribed and sworn to before me, this 6th day of January, 1908,

Elisha A. Reeves.

S. L. Weaver, Associate Judge of the Criminal Court of Jefferson County."

The warrant of the arrest is as follows:

"The State of Alabama ⎱
Jefferson County.     ⎰
    To any lawful officer of said county—Greeting:
    You are hereby commanded to arrest Henry Coleman, whose other and further name is unknown to affiant and bring him before the Judge of the Court of Jefferson County, at the present Term of said Court, to answer the State of Alabama on a charge of murder preferred by Elisha A. Reeves.
    Witness My Hand, this 6th day of January, 1908,

S. L. WEAVER,
Judge of the Criminal Court of Jefferson County.
Witnesses for State ————            Residence ————
        do        GEO. W. COURSON, Deputy Sheriff,
        do        W. J. McGRAIL, City,
        do        W. D. PARIS, City."

The certificate of the clerk to said warrant is as follows:
"ENDORSED:
The State of Alabama ⎱
Jefferson County.     ⎰
    I, John G. Bradley, Clerk of the Criminal Court of Jefferson County, in and for said county and State, do hereby certify that the within and foregoing is a true, complete and correct copy of the affidavit and warrant now on file in my office, in a cause wherein the State of Alabama is plaintiff, and Henry Coleman is defendant, which cause is now pending for trial.
    Witness my hand this 6th day of January, 1908.

JOHN G. BRADLEY, Clerk."

The requisition issued by the Governor of the State of Texas, is as follows:

"The State of Texas.
    To all and singular the sheriffs, constables, and other civil officers of said State:
    Whereas, it has been made known to me by the Governor of the State of Alabama that Henry Coleman stands charged by indictment before the proper authorities, with the crime of murder, committed in said State; and that the said defendant has taken refuge in the State of Texas; and whereas, the said Governor, in pursuance of the Constitution and laws of the United States, has demanded of me that I cause the said fugitive to be arrested and delivered to Robt. L. Collier, who is, as is satisfactorily shown, duly authorized to receive him into custody and convey him back to said State; and whereas, said demand is accompanied by copy of said indictment, duly certified as authentic by the Governor of said State.

Now, Therefore, I, T. M. Campbell, Governor of Texas, by virtue of the authority vested in me by the Constitution and the laws of this State, and of the United States, do issue this my warrant, commanding all sheriffs, constables, and other civil officers of this State, to arrest and aid and assist in arresting said fugitive and to deliver him, when arrested to the said agent in order that he may be taken back to said State to be dealt with for said crime.

In testimony weherof, I have hereunto signed my name and have caused the Seal to be hereon impressed, at Austin, Texas, this 13th day of January, A. D. 1907.

T. M. CAMPBELL, Governor.

By the Governor,
L. T. DASHIELL, Secretary of State."

The original authorization is as follows:
"Executive Department,<br>
State of Alabama.<br>
The Governor of the State of Alabama.

To all to Whom these Presents shall Come, Greeting:

Know Ye, that Robt. L. Collier is hereby authorized and empowered, as agent on the part of this State, to receive from the proper authorities of the State of Texas, Henry Coleman, charged with the crime of murder, and who is a fugitive from justice, and convey him to this State, to be dealt with according to law. All persons are therefore requested to permit the said agent at his own proper cost to remove the said Henry Coleman, unmolested into this State, the said Agent peaceably and lawfully behaving.

In Witness Whereof, I have hereunto set my hand and caused the Great Seal of the State to be affixed at the Capitol in the City of Montgomery, this 7th day of January, in the year of our Lord, one thousand nine hundred and eight, and in the one hundred and thirty-second year of American Independence.

B. B. COMER,<br>
Governor of Alabama.

By the Governor:
FRANK N. JULIAN, Secretary of State."

On the trial of the case before this court, evidence was introduced showing conclusively that W. H. Coleman is the relator, Henry Coleman, the man called for in the executive warrant. Relator filed what he terms a contravention of the last statement but after a careful perusal of same, we find that there is no dispute thereof offered of the statement that he is the person wanted under the Governor's warrant, but insists that after he committed the homicide, he remained in Alabama for some time, then went to Georgia and had been living in Texas, a number of years, but in no respect does he dispute the fact that he is the same person for whom the Governor of this State issued his requisition, or

executive warrant. We do not deem it necessary to comment in detail on the evidence on this question, but this, as we understand it, is the legal effect and proof upon the question as to relator's identity. Then we are relegated back to the question of the sufficiency of the papers upon which the executive warrant is issued. In approaching the question in this case, we deem it appropriate and quite apt to quote the language used by that great jurist, Judge Roberts, in the case of Hibler v. State, 43 Texas, 197, in discussing the duty of one Governor to honor a requisition, when properly made:

"This provision of the Constitution of the United States, requiring the surrender of fugitives from justice, is in the nature of a treaty stipulation between the States of the Union, and it is equally binding upon each State and all of the officers thereof for its faithful execution, as though it was a part of the Constitution of each State, whether Congress had passed laws relating thereto or not. Those laws have been passed to establish uniformity in the mode of performing this constitutional duty resting upon each State. When its execution is put into active operation by the proper authority of this State, the Governor, based upon the authentic information and demand as required by law, it is equally obligatory upon all of the officers of this State as is the enforcement of any criminal proceeding under the Constitution and laws of this State; and any undue means resorted to for the purpose of thwarting or preventing the due execution of this duty of the State are equally to be reprehended. This may be done by abusing and perverting the privileges of the writ of habeas corpus as well as by any other means. This is a great writ of liberty, by being left unshackeled with forms and conditions in the mode of obtaining it. Therefore it can easily be obtained where there is no foundation for it in fact or in law."

We recognize, as suggested by the learned judge, that the beneficent writ of habeas corpus unshackeled, as it is and ought to be, can be used as a means of frustrating the orderly proceedings and due administration of the laws of this State, and we hold that in this case that relator has abused the principle of the writ, in that there is no merit in his insistence that he is illegally restrained of his liberty. But under relator's insistence we will now proceed to pass upon many, if not all of his insistences why he should be released.

We will first consider the supposed defects in the papers issued by the Governor of this State. It will be seen from the warrant above copied that the Governor says Henry Coleman stands charged by indictment before the proper authorities with the crime of murder; whereas, in truth and in fact, he is charged by an affidavit, as indicated by the affidavit of Elisha A. Reeves, above copied. This is a mere clerical error, since we can look, and must look to both papers, that is, the executive warrant and the affidavit, and when construed together it clearly appears to have been a clerical error, in using the word "indictment" in the executive warrant. The Supreme Court of New Hampshire, in the case of New Hampshire v. Martha S. Muncy, says: "A governor's warrant

for the arrest of a fugitive from justice is not void because it describes the offense as uttering forged wills, where the indictment in each count charged the uttering and publication as true of a certain forged instrument purporting to be a will,' where, by reference to the indictment, the meaning of the warrant is rendered plain and definite." So in this case, by reference to the warrant of the executive, it will be seen that it was the sheerest inadvertence that the word "indictment" instead of "affidavit" was used. Furthermore, said last cited case holds, that a finding that an accused is a fugitive from justice is not precluded by the fact that the indictment shows that the offenses were committed more than six years before the indictment was found. The application of the last cited principle is pertinent, in this: Appellant insisted by his affidavit and testimony that by reason of the fact that he remained in Alabama for sometime after the homicide, moved to Georgia, remaining in constant communication with the authorities in Alabama, or at least his whereabouts being well known by them, and moved from the last named State to Texas, where he has lived a number of years, precludes the conclusion that he is a fugitive from justice.

This proposition is furthermore answered by Judge Roberts in the 43 Texas in the case of Hibler v. State. It is there held that "a person who commits a crime in one State for which he is indicted and departs therefrom, and is found in another State, may well be regarded as a fugitive from justice in the sense in which it is here used."

It seems that after the arrest of relator that the sheriff of Dallas County, who now has him in charge, was furnished an indictment, which indictment does not state the county or the State in which the crime was committed, nor the date thereof. The statement is made in the evidence that this indictment was furnished the sheriff by the officers of the State of Alabama. It will be noted, however, that the Governor of this State granted the requisition upon an affidavit, and not upon an indictment. The affidavit was made and the requisition granted prior to the time the indictment was found, and is in no sense a predicate for assaulting the validity of the executive warrant of this State. However, even if appellant's insistence be correct, in the case of Ex parte Pearce, 32 Texas, Crim. Rep., 301, this court decided this question against appellant in the following language: "In the case at bar there is no question as to the nature of the crimes charged, and that they are offenses against the laws of Alabama. Embezzlement and theft are crimes in every State of the Union. Neither time nor place are essential elements in said crimes. We do not think an indictment failing to charge time and venue must necessarily be fatally defective in every State in the Union, whatever be its statutes or forms or proceeding. In the case of Noles v. The State, 24 Alabama, 672, this question was passed on by the Supreme Court, which held that the then Code, dispensing with the necessity of allegation of time and venue, but requiring proof thereof, was not against the Bill of Rights; that the accusation of the commission of crime is the gravamen of the indictment that could not be

dispensed with, but the particulars as to time, place and circumstance, not, constituting essential elements in the crime, may be dispensed with by statute, and be left as a matter of proof in establishing jurisdiction." So, if relator was held, as he insists, under an indictment that states no venue; that states no time, under the above excerpt from the decision last cited, it will be seen that, under the laws of the State of Alabama, these are not requisites of an indictment in said State. The indictment is preferred by a grand jury of Jefferson County, Alabama. So, even conceding, as stated, relator's insistence that the requisition was granted upon the indictment above described, still this would not vitiate the proceedings or entitle relator to be discharged. In the Pearce case last cited the lamented Judge Hurt very aptly puts the duty of this court on the question of requisition, as follows:

"Our position upon this question is, that if it reasonably appears upon the trial of the habeas corpus that the relator is charged by indictment, in the demanding State, whether the indictment be sufficient or not under the law of that State, the court trying the habeas corpus will not discharge the relator because of substantial defects in the indictment under the laws of the demanding State. To require this would entail upon the court an investigation of the sufficiency of the indictment in the demanding State, when the true rule is, that if it appears to the court that he is charged by indictment with an offense, all other prerequisites being complied with, the applicant should be extradited." The last expression of this court upon this question was in the case of Ex parte Denning, 50 Texas Crim. Rep., 629; 18 Texas Ct. Rep., 740. The requisition in that case presented to the Governor, contained the following requisites: "(1) That the affidavit had been lodged in the demanding State. (2) The demand was made by the Governor of that State, stating that the affidavit was authentic. This left no discretion to the Executive of this State. This law is mandatory when these two requirements are made, and there is but one thing for the executive of this State to do, and that is to issue the warrant, after ascertaining that the party was in fact a fugitive within the borders of this State, the manner of which ascertainment is left entirely to the direction of the Governor of the fugitive State."

The papers before us are in all things formal, and as stated at the outset of this opinion, there can be no serious cavil over the fact that the sheriff of this county legally holds said relator under said executive warrant and he is hereby remanded to the custody of said A. L. Ledbetter, sheriff of Dallas County, to be turned over by him to Robert L. Collier, who has heretofore been authorized by the Governor of Alabama to receive him and carry him from this State to the State of Alabama.

*Remanded to custody.*

[Rehearing denied June 24, 1908.—Reporter.]