WAGGONER *v.* FEENEY, SHERIFF

[No. 27,620. Filed November 12, 1942. Rehearing denied December 14, 1942.]

544

*George R. Jeffrey, Herman W. Kothe,* and *Grier M. Shotwell,* all of Indianapolis, for appellant.

*Victor R. Jose, Jr.,* of Indianapolis, for appellee.

ROLL, C. J.—Appellant filed his petition in the court below for a writ of *habeas corpus* alleging he was unlawfully restrained of his liberty by appellee, by virtue of a warrant of extradition issued by the Governor of the State of Indiana, upon a requisition from the Governor of the State of Wisconsin. It was alleged in the requisition papers, that appellant had committed a crime of obtaining goods by false pretenses in the State of Wisconsin, for which it sought to extradite appellant.

There is no suggestion that the requisition papers and proceedings were not in due form. Only one contention is made on this appeal, and that contention

relates to the sufficiency of the affidavit filed against appellant in the State of Wisconsin.

It is urged by the appellant that the affidavit upon which the requisition was based, was defective in two particulars; first, that the affidavit shows, on its face, that the crime attempted to be charged was barred by the statute of limitations; and second, that the affidavit did not charge a public offense:

The affidavit is as follows:

"Milwaukee County, Wis.  
STATE OF WISCONSIN }ss:  
MILWAUKEE COUNTY

THE STATE OF WISCONSIN  
Plaintiff

vs.

CLEVELAND WAGGONER  
Defendant

In the Distrist Court of the Couhty of Milwaukee

"Jacob Frutiger, being first duly sworn on oath, complains to the District of the County of Milwaukee, that Cleveland Waggoner, on the 7th day of March, A. D., 1932, in the County of Milwaukee, Wisconsin, did unlawfully, knowingly, and designedly, falsely pretend to Jacob Fruitiger, that he, the said Cleveland Waggoner, was then and there an agent of the United Cheese & Food Products Company of Indianapolis, Indiana, and was authorized to purchase goods and charge the same to the account of said company, and the said Jacob Frutiger then and there believing said false pretenses so made as aforesaid by the said Cleveland Waggoner to be true, and relying thereon, being misled therein and deceived thereby, was induced, by reason of the false pretenses so made as aforesaid, to deliver, and did then and there deliver to the said Cleveland Waggoner 19,236 pounds of cheese of the value of Twenty-three Hundred Eighty-one and 84/100 Dollars of the goods, chattels and property of the said Jacob Frutiger, and the said Cleveland Waggoner did then and there

.obtain the said goods, chattels and property of said Jacob Frutiger by means of false pretenses aforesaid, and with intent to defraud, Whereas, in truth and in fact said Cleveland Waggoner was not then and there an agent of the United Cheese and Food Products Company of Indianapolis, Indiana and he was not authorized to purchase goods and charge the same to the account of said company, all of which he, the said Cleveland Waggoner then and there well knew, by color and means of which false pretenses so made as aforesaid, he, the Cleveland Waggoner, did then and there unlawfully, knowingly, and designedly obtain from him, and said Jacob Frutiger the said goods, chattels and property, of the goods, chattels and property of him, the said Jacob Frutiger with intent to defraud, contrary to the statute in such case made and provided and against the peace and dignity of the State of Wisconsin, and prays that the said Cleveland Waggoner may be arrested and dealt with according to law.

"Subscribed and sworn to before me this 19th day of June, A. D. 1941.

Jacob Frutiger

"Harold S. Gavett
Acting Clerk of the District Court."

The only evidence introduced at the hearing before the trial court was in the form of stipulations. It was stipulated that § 353.21 Rev. St. Wis. 1937 provides:

·"An indictment or information for any offense which may be punished by imprisonment in the state prison, except murder, must be found or filed within six years after the commission thereof unless otherwise provided by law."

It was further stipulated that § 353.23 Rev. St. Wis. 1937 provides:

"Any period of the time during which the party charged with any offense was not usually and publicly a resident within this state or during which any prosecution by indictment, information or

otherwise against him for such offense was pending, shall not be computed as any part of the time of limitation mentioned in sections 353.21 and 353.22."

It was further stipulated that appellant returned from Wisconsin to Indiana in July 1933, and ever since has been a resident of the State of Indiana.

The affidavit charges that the alleged crime was committed by the appellee on March 7, 1932. The record shows that the affidavit was executed on June 19, 1941. Therefore, it appears affirmatively that more than six years had elapsed between the date upon which the alleged crime was committed and the filing of the affidavit. It is upon this state of facts that the appellant bases his contention that the statute of limitations has barred the action, and therefore the extradition should be denied.

The question thus presented has been considered by the United States Supreme Court, certain federal courts, and some of the state courts. The result reached by the various courts was governed by a determination of whether the statute of limitations should be treated as a defense, or should it be considered in determining whether or not the defendant was a fugitive from justice. The courts holding that the statute of limitations is a defense and must be asserted on the trial of the defendant in criminal cases in the state having jurisdiction of the offense, are: *Biddinger* v. *Commissioner of Police* (1917), 245 U. S. 128, 62 L. Ed. 193; *Pierce* v. *Creecy* (1908), 210 U. S. 387, 52 L. Ed 1113; *State* v. *Clough* (1902), 71 N. H. 594, 53 A. 1086; *The People* v. *Baldwin* (1930), 341 Ill. 604, 174 N. E. 51; *State ex rel. Kollman* v. *Johnson* (1931), 184 Minn. 309, 238 N. W. 490.

Perhaps the controlling case on this question is the case of *Biddinger* v. *Commissioner of Police, supra.*

The United States Supreme Court in discussing the question of the statute of limitations said (245 U. S. at p. 135) :

"This much, however, the decisions of this court make clear; *that the proceeding is a summary one*, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding State at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding State.

"The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases, *United States* v. *Cook*, 17 Wall. 168; and the form of the statute in Illinois, which the appellant seeks to rely upon, makes it especially necessary that the claimed defense of it should be heard and decided by the courts of that State. *Pierce* v. *Creecy*, 210 U. S. 387; *Charlton* v. *Kelly*, 229 U. S. 447; *Drew* v. *Thaw*, 235 U. S. 432; *Reed* v. *United States*, Rep., 224 Fed. 378; *Depoilly* v. *Palmer*, 28 App. D. C. 324." (Our italics.)

The same rule was adhered to by the United States Supreme Court in the case of *Pierce* v. *Creecy, supra.*

In *State ex rel. Kollman* v. *Johnson, supra,* the court observed, and we think correctly, that the interpretation of the Federal Constitution and the acts of Congress by the Supreme Court of the United States is binding on all state courts, and consequently, the Minnesota court held that the statute of limitations, as a matter of defense, must be asserted on the trial of the case in the demanding state; citing the Biddinger case above cited.

In *Bruce* v. *Rayner* (1903), 62 C. C. A. 501, 124 F. 481

(Affirmed in 1905, 69 C. C. A. 342, 136 F. 1022), the court held that proof of the running of the statute of limitations against a prosecution on an offense for which extradition was sought, was admissible in *habeas corpus* proceedings for the release of one detained under a warrant for such extradition, saying that such testimony did not go to the sufficiency of the indictment or to any matter of defense, but directed solely to the question of fact whether the person whose surrender *was demanded was a fugitive from justice.*

In *State ex rel. Myers* v. *Allen* (1922), 83 Fla. 655, 92 So. 155, it was held that a person who is not subject to prosecution for crime in the demanding state is not a fugitive from justice, and that where there is no doubt of the applicability of the statute of limitations of the demanding state to the offense with which he is charged, he should be discharged on *habeas corpus* proceedings, following the reasoning in the case of *Bruce* v. *Rayner, supra.* The Florida court fails entirely to mention the case of *Biddinger* v. *Comm. etc., supra,* but does note the cursory treatment of the question in *Pierce* v. *Creecy, supra.* It may be that the Biddinger case, where the United States Supreme Courts discussed the statute of limitations convincingly, was not called to the attention of the Florida court in the Meyer case.

Appellant cites and relies upon the case of *Kemper* v. *Metzger* (1907), 169 Ind. 112, 123, 81 N. E. 663. It appears in that case from the record that the indictment was not presented within a period of two years from the alleged date of commission. The appellant sought to avail himself of the statute of limitations of the state of Tennessee and the court, in discussing the question thus presented, said:

"But how did the trial judge know that the statute of limitation applicable to embezzlement

charges was two years in Tennessee, and was not three years, or four years? The court was open to the prisoner, and if two years barred the prosecution against him in Tennessee we think it would have been the proper thing for him to set it up by way of answer to the return and prove it. The burden was on him to do so."

Had the court stopped at this point, the case might have been considered as favorable to appellant's contention to the case at bar. The court, in the same paragraph, made a significant statement in view of the facts as stipulated in the present case. We quote the following language from the Kemper case, *supra:*

"Besides, appellant alleges in his petition for the writ that he 'is a citizen of Marion county, Indiana, and has resided in the State of Indiana continuously since July, 1904' . . . and if he has been absent from Tennessee continuously since then to the time of his arrest it is at least not probable that the staute was running in Tennessee during his absence from the state."

From the above quotation in the Kemper case, we assume that had it appeared that absence from the State of Tennessee tolled the statute of limitations, the court in the Kemper case would have reached the same result, thereby bringing the Kemper case in line with other cases hereinbefore cited. We conclude, therefore, that the Kemper case is not authority in favor of appellant.

Inasmuch as the present case is controlled by the Federal Constitution and the acts of Congress together with the statutes of Indiana, we feel bound by the announcement by the Supreme Court of the United States, and therefore conclude as did the Minnesota court, that the operation of the statute of limitations of the demanding state against the offense for which extradition is sought, is a matter of defense to be interposed upon the trial in such state, and is

not a proper question for consideration on *habeas corpus* proceedings for the release of one held under a rendition warrant in a sister state.

The next question presented by appellant relates to the sufficiency of the affidavit herein set out to substantially charge a crime. It has been held universally that the affidavit need not be sufficient to withstand a demurrer, or a motion to quash, or a motion in arrest of judgment in the asylum state. In *Peoples ex rel. Hayes* v. *McLaughlin* (1928), 247 N. Y. 238, 241, 160 N. E. 357, Judge Cardozo, in delivering an opinion of the court, said:

> "The question decisive of this appeal is not whether the indictment of the relator is sufficient as a criminal pleading. The question is whether 'the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled.'"

In support of this statement, Judge Cardozo cites *Pierce* v. *Creecy, supra.* Later on in the McLaughlin opinion, it is said (p. 242):

> "We cannot say of this indictment that it is inadequate in a 'broad and practical sense' (*Pierce* v. *Creecy, supra,* p. 402) to state the substance of a charge of crime. In so holding we assume that it is subject to demurrer under the rules of criminal pleading prevailing in New York. The test, of course, is different. The test is rather this, whether the substance of criminality is lacking altogether when substance is determined by any standard of penal justice that can rationally be supposed to prevail in the demanding jurisdiction."

While we think it is true that the affidavit is insufficient to withstand a motion to quash, if tested by the law of Indiana on the ground that the affidavit shows, on its face, that statute of limitations has run against the offense. *Ulmer* v. *State*

(1859), 14 Ind. 52 and we al$o think the affidavit might be subject to motion to quash under the rule laid down in *Stifel* v. *State* (1904)., 163 Ind. 628, 72 N. E. 600. But as stated heretofore, the sufficiency of an indictment or affidavit in extradition proceedings is not to be tested by the law of this State upon motion to quash or in arrest of judgment. But, as stated in the McLaughlin case, *supra*, the test is whether the substance of criminality is lacking altogether when substance is determined by any standard of penal justice that can be rationally supposed to prevail in the demanding jurisdiction. Questions highly controversal involving the technicality of the law of pleading must be limited to the courts of the jurisdiction where the indictment or affidavit was presented. If more than this is required, it would impose upon the courts of the asylum state in the trial of *habeas corpus* cases, the duty of making critical examination of the laws of states with whose jurisprudence and criminal proceedings they can have only a general acquaintance. For this reason, these questions are very properly deferred to the courts of the demanding state. The same principle was expressed by Mr. Justice Holmes speaking for the court in the case of *Drew* v. *Thaw* (1914), 235 U. S. 432.

We find no reversible error in the judgment of the trial court.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 499.