[Crim. No. 6743.   Second Dist., Div. One.   July 9, 1959.]

In re ROBERT LEE DAILY, on Habeas Corpus.

Leonard Nasatir for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Lewis Watnick and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

NOURSE, J. pro tem.*—Petitioner is in the custody of the sheriff of the county of Los Angeles under warrant of arrest issued by the governor of this state pursuant to the requisition of the Governor of Missouri for the extradition of petitioner.[1]

In June 1956, petitioner was, through information filed by the prosecuting attorney of the county of Boone, state of Missouri, charged with the theft of certain personal property of the value in excess of $200 (a felony). After his arrest and arraignment and plea of not guilty he withdrew his plea of not guilty and entered a plea of guilty and applied to the circuit court for probation. On October 16, 1956, the court suspended the proceedings and placed petitioner on probation for a term of two years. The terms of the probation being that during the term of the probation, petitioner should not violate the law and abide by all probation rules and regulations adopted by the court. The court required that petitioner give, and petitioner did give a probation recognizance or bond in the amount of $300. Petitioner, with the consent of the state parole officers, left the State of Missouri and came to California. In August 1958, petitioner was in the Superior Court of the State of California in and for the County of Los Angeles, found guilty of one count of burglary and six counts of forgery. The state parole officer of Missouri was advised of this fact by the probation officer of the California court and the circuit court which had granted probation revoked that probation, forfeiting petitioner's recognizance, and ordered that a warrant issue for the arrest of the defendant.

Petitioner asserts that as he came to California with the consent of the parole officer of the state of Missouri he is not a fugitive from justice and may not be extradited. He further asserts that the violation of the terms of probation is not an extraditable offense and that even if it were, his probation has not been terminated in accordance with the laws of the state of Missouri and he is therefore not subject to extradition.

We see no merit in any of these contentions. In the first place the crime on account of which Missouri seeks to extradite petitioner is the crime with which he was originally charged by the information. The proceedings on that information were not terminated but merely suspended by the order placing petitioner on probation and the felony with which he

---

*Assigned by Chairman of Judicial Council.

[1]The requisition fully complies in every detail with the provisions of section 1548.2 of the Penal Code and petitioner does not attack its sufficiency.

is charged in Missouri and to which he pleaded guilty is an extraditable offense and the statutes of both Missouri and California expressly provide for the extradition of one who at the time of violation of parole or probation is found in the state other than that in which he was originally charged. (See Vernon's Annotated Missouri Statutes, vol. 39, § 548.231 as amended by the Revised Statutes of Missouri in 1953; California Pen. Code, § 1548.2.)

■ The fact that petitioner left Missouri with the consent of the parole officer of that state does not affect his status as a fugitive. (*In re Fedder*, 143 Cal.App.2d 103 [299 P.2d 881].)

■ Petitioner also asserts that the forfeiture of his recognizance was a penalty exacted for his violation of the terms of his probation and that to extradite him to Missouri would place him in double jeopardy. This contention is so tenuous as to hardly be worthy of comment. The recognizance given was in the nature of bail and its forfeiture had no effect upon the right of the Missouri court to hear and try the question of his violation of probation and to sentence him under the information originally filed against him.

The writ of habeas corpus heretofore issued is discharged and petitioner is remanded to the custody of the sheriff of the County of Los Angeles, State of California, with directions to that officer to deliver petitioner pursuant to the warrant of arrest issued by the governor of this state to the proper officers of the state of Missouri upon the judgment of this court discharging the writ of habeas corpus becoming final. (As to date of finality see Pen. Code, § 1506, and *In re Murdock*, 5 Cal.2d 644, 646, 647 [55 P.2d 843].)

White, P. J., and Fourt, J., concurred.