## STANLEY *v.* BEASLEY, SHERIFF.

[No. 30,215. Filed November 7, 1962.]

*James F. Harper,* of Terre Haute, for appellant.

ARTERBURN, C. J.—This is an appeal from a final judgment denying a release and discharge from custody following a trial upon an application for a writ of habeas corpus. The appellee-sheriff defended on the ground that he was holding the petitioner on a governor's warrant which purported to charge the defendant with the offense of a prior conviction of a felony and uttering a forged instrument in the State of Missouri.

In the trial court, appellant sought a release from custody on the ground that the laws of Missouri entitled him to a discharge on the offense for which he was being held under the governor's rendition warrant. This argument constituted appellant's sole basis

for reversal, his brief consisting of the citation of statutes and judicial decisions of the State of Missouri that a defendant in a criminal case is entitled to be discharged if not tried before the end of the third term following the indictment, unless the delay was occasioned by the defendant. Appellant makes a showing upon which he bases the argument.

However, appellant has misconceived the role of the Indiana courts in an extradition proceeding. We are not concerned here with the guilt or innocence of the defendant under the laws of Missouri. The Uniform Criminal Extradition Act of this state, Burns' §§9-401—458, provides:

> "9-438. *Guilt or innocence of accused—When inquired into.*—The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

We are not unaware of the case of *Kemper* v. *Metzger* (1907), 169 Ind. 112, 81 N. E. 663, which holds that this state may inquire into the operation of the statute of limitations of the demanding state in a proceeding of this nature. However that case is no longer the law in this state in view of the foregoing statute. This statute, along with the rule in most states as well as the federal jurisdiction, holds that all matters of defense that may be presented in the demanding state may not be made an issue and litigated in the state from which the petitioner is being extradited. 25 Am. Jur., Habeas Corpus, §73, p. 200.

In particular, it is held that the statute of limitations is a defense which will not be considered in a habeas corpus proceeding brought to release the accused from custody under a rendition warrant in extradition. *Biddinger* v. *Commissioner of Police* (1917), 245 U. S. 128, 38 S. Ct. 41, 62 L. Ed. 193; *State of Minnesota ex rel. Kollman* v. *Johnson, Sheriff* (1931), 184 Minn. 309, 238 N. W. 490; Annotation, 77 A. L. R. 902; 25 Am. Jur., Habeas Corpus, §73, p. 201.

In this context, it is relevant to note that the Supreme Court of Missouri has held that the provisions of its law fixing the number of terms within which a defendant must be tried or stand discharged is a matter of defense and a special statute of limitations. *State ex rel. Stevens* v. *Wurdeman* (1922), 295 Mo. 566, 246 S. W. 189.

In view of the aforesaid statutory provisions and decisions, we must hold that the issue attempted to be raised in this proceeding was a matter of defense in the demanding state and was not properly before the trial court. *Johnson* v. *Burke, etc.* (1958), 238 Ind. 1, 148 N. E. 2d 413; *Taylor* v. *Smith* (1938), 213 Ind. 640, 13 N. E. 2d 954.

The judgment of the trial court is affirmed.

Bobbitt, Landis and Achor, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 185 N. E. 2d 731.