DOWNEY, Judge.
The Governor of Vermont forwarded to the Governor of Florida a demand for the extradition of appellee, together with the properly authenticated documents as provided for in § 941.03, F.S.1973. After being arrested in pursuance of said demand, appellee filed a petition for writ of habeas corpus alleging (1) that the. papers attached to the rendition warrant did not make out a prima facie case for extradition, and (2) that the petitioner was not substantially charged vith a crime in the demanding state. In its return the State denied the aforesaid allegations of the ap-pellee’s petition.
At the hearing held after issuance of the writ the State offered into evidence an Executive rendition Warrant for the arrest of appellee issued by the Governor of the State of Florida and duly authenticated copies of the documents required to be furnished by the demanding state pursuant to § 941.03, F.S.1973. One of said documents is an information charging appellee with three counts of kidnapping in Vermont.
It appears from the evidence before the trial court that appellee had been married and resided in Vermont. His wife filed *825 suit for divorce and obtained a temporary order awarding her custody of the parties’ three minor children. Said order which was served on appellee, also enjoined him from taking the children outside the State of Vermont without consent. Appellee’s wife complained to the prosecuting authorities in Vermont that appellee had forcibly taken the three children from her and fled the state. Accordingly, the Vermont authorities filed an information charging ap-pellee with kidnapping.
Appellee testified over objection of the State, that he and his wife had remarried after the Vermont divorce proceeding became final and they were then living together with the children. It was his contention before the trial court that (1) the remarriage voided the prior custody order; (2) a contempt adjudication in the Vermont divorce proceeding for violating the temporary custody order precluded Vermont from charging him with kidnapping; and (3) a violation of an order awarding temporary custody of children is not a sufficient ground upon which to base a kidnapping charge against a disobedient parent. Based upon those contentions the trial court found that appellee was not substantially charged with a crime in the demanding state.
Appellant contends and we agree that the trial court failed to confine itself to the limited inquiry which is appropriate on habeas corpus in extradition proceedings. As the court stated in the recent case of State v. Cox, Fla.App. 1974, 306 So.2d 156:
“In this habeas corpus proceeding, the extent of inquiry is narrow. It has been said that the inquiry is limited to reviewing the governor in his determination that the jurisdictional prerequisites to the issuance of his warrant exist. Chase v. State ex rel. Burch, 93 Fla. 963, 113 So. 103 (1927). In Sullivan v. State ex rel. Pardew, Fla.1951, 49 So.2d 800, the jurisdictional prerequisites for an extradition warrant requested by the State of New York were held to be:
‘. . . (1) Whether petitioner was the person charged. (2) Whether petitioner was substantially charged with a crime in the State of New York. (3) Whether petitioner was a fugitive from justice, section 941.03, F.S.A., or whether he committed an act in a third state which intentionally resulted in the commission of a crime in the demanding State, 941.06. (4) Whether the indictment was certified as authentic by the Governor of the demanding State.’ ” 306 So.2d at 158.
In this case there is no issue that appellee was in Vermont on the date in question; that he departed Vermont with his three children; that he is the person charged in the Vermont information; or that the information was certified as authentic by the Governor of Vermont. The thrust of ap-pellee’s attack is solely that his conduct and subsequent events demonstrate that the information in question does not substantially charge that appellee committed the crime of kidnapping in Vermont. Of course, subsequent events in Vermont may prove appellee to be entirely correct. He may be acquitted after trial. The state of Vermont may hold that a temporary order of custody is not a sufficient ground upon which to base a kidnapping charge (as did Georgia in the case of Adams v. State, 218 Ga. 130, 126 S.E.2d 624 (1962)), or that the subsequent remarriage of the parties somehow vitiates the custody order or absolves appellee from prior violations thereof, or that the Vermont contempt finding is sufficient to preclude a Vermont criminal prosecution for kidnapping. However since appellee did not show that Vermont has held that his undisputed conduct does not constitute kidnapping under Vermont law, it was improper for the circuit court to grant appellee’s petition for habeas corpus.
Appellant denied the allegations of appellee’s petition and made a prima fa- *826 cie case against appellee upon offering into evidence the duly authenticated papers required for extradition. The burden was upon appellee, State ex rel. Florio v. McCreary, 123 Fla. 9, 165 So. 904 (1936), to prove that the information in question did not substantially charge appellee with a crime in Vermont. He clearly failed to carry that burden and the learned trial judge committed error in discharging ap-pellee.
Accordingly, the order appealed from is reversed, and the cause is remanded with directions to order appellee delivered into the custody of an authorized agent of the demanding state.
Reversed.
WALDEN and CROSS, JJ., concur.