## Commonwealth, on Relation, et al. v. Roberts, et al.

(Decided January 12, 1926.)

### Appeal from Spencer Circuit Court.

1. Extradition—Rule Denying Bail in Extradition Proceedings Held Not to Apply to Preliminary Proceedings Under State Statute.— Rule that in extradition proceedings, pursuant to act of Congress, defendant may not be admitted to bail in state in which he is arrested, does not apply to preliminary proceedings, under Ky. Stats., sections 1926, 1930, for detention of the fugitive whose hearing as to guilt was set over for another day, where, by Constitution, section 16, and Criminal Code of Practice, section 55. the offense was bailable.

2. Bail—County Judge Held Not at Liberty to Deny Bail Without Hearing.—Under Constitution, section 16, Criminal Code of Practice, section 55, where offense is bailable, the county judge is not at liberty to deny prisoner bail without a hearing.

3. Bail—Sureties on Defendant's Bond Cannot Question Sufficiency of Warrant, where Defendant Waived Such Objections by Appearance.—Where defendant waived objection to sufficiency of warrant of arrest by appearing and executing the bond without objection, the sureties on the bond cannot claim that affidavit of county attorney was insufficient to authorize issuance of a warrant of arrest.

FRANK E. DAUGHERTY, Attorney General, and H. B. KINSOLVING, JR., Commonwealth's Attorney, for appellants.

G. B. SHINDLER and J. W. CRUME for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On January 20, 1923, the sheriff of Spencer county received from the circuit court clerk of Shelby county, Ohio, a telegram and a letter inclosing a *capias* for the arrest of N. L. Goolsby for a felony. The sheriff having identified Goolsby, *alias* W. J. Eddy, as the person wanted, arrested him and placed him in jail. Thereupon Goolsby obtained a writ of *habeas corpus* before the

county judge. The *capias* showed that the offense was committed on October 6, 1920. The county judge discharged the prisoner. Thereupon the county attorney filed his affidavit stating that there were reasonable grounds to believe that Goolsby had committed the offense and was a fugitive from justice. On this affidavit the county judge issued a warrant for his arrest. The affidavit of the county attorney was based upon telephonic communications had by him with the authorities in Ohio. Goolsby was arrested under the warrant by the sheriff and brought before the county judge, and it being then a late hour of the night, at the instance and request of the defendant and his attorneys, the county judge allowed him to give bail in the sum of $400.00 for his appearance on January 23rd and set the case over to that day. Some friends of Goolsby deposited $400.00 with the county judge in lieu of a bail bond. Goolsby failed to appear when the case was called pursuant to adjournment, and the court entered an order forfeiting the bail and directing the money to be paid over to the trustee of the jury fund. The county attorney, before the case was called for trial, had received a certified copy of the indictment in Ohio. Appellees, who are the persons who put up the $400.00, then brought this suit in the Spencer circuit court charging, in substance, that the county judge was without authority to take bail and had no authority to hold the $400.00, and prayed that he be restrained from paying the money over to the trustees of the jury fund. The issues were made up; the facts were agreed to be as above stated, and on final hearing the circuit court adjudged the appellees the relief prayed. The Commonwealth appeals.

Extradition under the Constitution of the United States and the act of Congress is provided for in sections 1926-1929, Ky. Stats. Section 1930, provides for preliminary proceedings by which the fugitive from justice may be arrested and held until the extradition papers may be perfected. It is in these words:

"1. A warrant issued by any judicial authority, upon affidavit made of the facts, shall authorize his arrest by any ministerial officer or other person to whom it may be directed by name.

"2. The person arresting the accused shall immediately take him before the circuit judge, the judge of the county court or the police judge of a

city in the county in which he was arrested, who shall, upon hearing the evidence, if satisfied of the guilt of the prisoner, commit him to the jail of the county where he was arrested, there to remain sixty days, unless he be legally discharged or removed upon the demand of the executive of the state or territory in which it is charged that the offense was committed.

"3. It shall be the duty of the person who caused the arrest of such fugitive to be made to notify the executive of the state or territory in which the crime was committed."

It is the well settled rule that in extradition pro-ceedings pursuant to the act of Congress, the defendant may not be admitted to bail in the state in which he is arrested. But this rule does not apply to preliminary proceedings instituted under the laws of the state simply for the detention of the fugitive, as under section 1930 such proceedings are purely under the state law and are not affected by the act of Congress. Section 1930 provides that the judge of the county court shall hear the evidence and, if satisfied of the prisoner's guilt, commit him to the jail of the county. But he is not required to commit the prisoner to the jail of the county until he is satisfied of his guilt. To be satisfied of his guilt he must hear the evidence and to hear the evidence he may set the case over to another day so as to give both parties a reasonable opportunity to produce the evidence. Such a proceeding being under the state law is governed by the state Constitution, section 16 of which provides that all prisoners shall be bailable except in certain cases not material here. The county judge in such a case is simply holding an examining court, and by section 55 of the Code the defendant was entitled to give bail during the period of adjournment. The rule on the subject is thus stated in 3 Am. & Eng. Ency. 679:

"The provision in the state constitutions, al-lowing bail as of right in certain cases, is to be construed in subordination to that in the Consti-tution of the United States providing for extradi-tion. Where a prisoner is held after examination charged with an offense committed in another state, he should not be admitted to bail, though the court has sometimes allowed it pending such examina-tion." To same effect see 25 C. J. 260.

The county judge was not at liberty to deny the prisoner bail without a hearing. Goolsby was a minister conducting services in a church in the county. He was a prisoner and entitled to bail until his guilt was proved.

It is also insisted that the affidavit of the county attorney was insufficient to authorize the issual of a warrant of arrest, but no objection on this ground was made at the time. The defendant appeared, offered to give bond and by consent, or without objection, the trial was postponed. The sureties in the bond cannot make an objection to the sufficiency of the warrant, for the defendant himself waived this objection by appearing and executing the bond without objection. Husbands v. Com., 143 Ky. 290.

Judgment reversed and cause remanded with directions to dismiss the petition.