STATE EX REL. J. WALTER KOLLMAN v. JOHN A. JOHNSON.[1]

October 16, 1931.

No. 28,741.

*C. O. Dailey,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Francis J. Kuble,* for respondent.

LORING, J.

This is an appeal from the order of the district court discharging a writ of habeas corpus and remanding the appellant to the custody

[1]Reported in 238 N. W. 490.

of the sheriff of Nicollet county. By stipulation the case was heard here on the record made in the district court.

The appellant was formerly a resident of Iowa and has been indicted in that state for deserting his wife. The Iowa authorities applied to the governor of this state for extradition of the appellant. A rendition warrant was issued, and the appellant applied to the district court for a writ of habeas corpus, complaining that the extradition papers showed upon their face that the statute of limitations of Iowa had run against the offense with which he was charged. The district court decided against the appellant, discharged the writ, and remanded the appellant to the custody of the sheriff of Nicollet county.

In an offense of this character the laws of Iowa, which were stipulated into the record, do not require an indictment to fix the date of the crime, but prescribe that "the allegation in an indictment that the defendant committed the offense shall in all cases be considered an allegation that the offense was committed after it became an offense and before the finding of the indictment and within the period of limitations prescribed by law for the prosecution of the offense." Acts of 43d General Assembly, c. 266, p. 303, § 7(2). The indictment was found by the grand jury of Polk county, Iowa, on the 23d day of December, 1930. In an affidavit of the county attorney accompanying the application for extradition he states that the appellant was in the state of Iowa on the 17th day of July, 1925, and on that day he committed the offense and fled from the state of Iowa. The appellant contends that he has not been a resident of Iowa since his flight. He also contends that these accompanying affidavits show conclusively that the statute of limitations has run, and that consequently he is not a fugitive from justice and should not be extradited.

If we assume, as appellant does, that the affidavit is controlling as to the time when the offense was committed and when the appellant fled from the state of Iowa, and that he has since absented himself from that state, we must also take into consideration the provision of the Iowa law that no period when the party charged

was not publicly a resident within the state is a part of the limitation. We are therefore confronted with a situation exactly as if the indictment had charged that the offense was committed on the 17th day of July, 1925, and that on that day the accused had fled from the state of Iowa and had not been publicly a resident within the state since that time. The appellant makes no claim that he was not in Iowa July 17, 1925.

Does this showing present a case where this court can say that the offense appears to be barred by the statute of limitations of Iowa and that there should be no extradition? The right to extradition arises from the provision in the constitution of the United States and the acts of congress in furtherance thereof. U. S. Const. art. IV, § 2, reads as follows:

"A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall on demand of the executive authority of the state from which he fled, be delivered up to be removed to the state having jurisdiction of the crime."

R. S. § 5278, now 18 USCA, § 662, was enacted to make the constitutional provision effective. The interpretation of the constitution and of the acts of congress by the Supreme Court of the United States is therefore binding upon this court, and we find in the case of Biddinger v. Commr. of Police, 245 U. S. 128, 38 S. Ct. 41, 43, 62 L. ed. 193, 199, a case where the court had before it in a habeas corpus proceeding an indictment which on its face charged that the accused had committed certain crimes in the state of Illinois, more than three years prior to the finding of the indictment, but that before the period of limitations in Illinois had barred a prosecution for the crime the accused had left that state and had not usually and publicly been a resident therein since the time of his flight. He was arrested in the state of New York upon a rendition warrant and applied to the United States district court in that state for a writ of habeas corpus. Upon the hearing in the district court the accused offered to prove that since the time of the alleged offense he had been usually and publicly a resident

within the state of Illinois for a longer period than that within which under the laws of that state he might be prosecuted for the crime charged. The district court did not permit him so to show and discharged the writ. The Supreme Court of the United States held that this was not error, holding that the statute of limitations is a matter of defense and must be asserted on the trial by the defendant in criminal cases, citing U. S. v. Cook, 17 Wall. 168, 21 L. ed. 538; and the form of the statute in Illinois which the appellant sought to rely upon made it especially necessary that the claimed defense should be heard and decided by the courts of that state. The court said [245 U. S. 134]:

"The appellant admits: That he was in the State of Illinois at the time it is charged that he committed the crimes for which he was indicted; that the indictments are in the form, and are certified as, required by law, and that he was found in the State of New York. This satisfies the requirements of the statute and by its terms makes it the duty of the Governor of New York to cause Biddinger to be arrested and given into the custody of the Illinois authorities."

Speaking further of the writ of habeas corpus the court said [245 U. S. 135]:

"This much, however, the decisions of this court make clear; that the proceeding is a summary one, to be kept within narrow bounds, not less for the protection of the liberty of the citizen than in the public interest; that when the extradition papers required by the statute are in the proper form the only evidence sanctioned by this court as admissible on such a hearing is such as tends to prove that the accused was not in the demanding State at the time the crime is alleged to have been committed; and, frequently and emphatically, that defenses cannot be entertained on such a hearing, but must be referred for investigation to the trial of the case in the courts of the demanding State."

In the light of that decision the learned trial court was right in denying relief to the petitioner. As well said by the supreme court

of Illinois in the case of People ex rel. Leach v. Baldwin, 341 Ill. 604, 612, 174 N. E. 51, 54, with reference to the constitutional requirement of extradition:

"It is evident from the history of the adoption of this constitutional provision that it was adopted for the purpose of securing prompt and efficient administration of the criminal laws of the various States. Its ratification by the various States gives to it a character not unlike a treaty with a foreign State, though the reasons for its faithful and vigorous enforcement are even more impressive, since the trial of the one charged with crime will be under the laws of a sister State of the Union. It is an object of prime importance to the people of the entire country that all proper assistance be given by one State to another in the matter of the enforcement of the laws of the latter. While it is the duty of a State to see that the rights of its citizens are protected against illegal action arising in another State, it is of equal importance to the entire people that the courts of a State avoid in extradition proceedings a view of their duties in that behalf so narrow as to afford within its borders permanent asylum to offenders against the laws of another State. The duty resting on the State and its courts to honor the legal requisitions of another State is found in the supreme law of the land and should be faithfully discharged." Citing Appleyard v. Massachusetts, 203 U. S. 222, 27 S. Ct. 122, 51 L. ed. 161, 7 Ann. Cas. 1073.

The Baldwin case, 341 Ill. 604, 174 N. E. 51, was one where amongst others the statute of limitations of the demanding state was claimed to have run against the offense for which extradition was sought. The court held that it was not a proper question for consideration on the habeas corpus proceedings but was properly a matter of defense to be interposed upon the trial in the demanding state.

In the case at bar the showing made by the accused fell far short of indicating that the offense charged was barred in Iowa, but under the decisions cited the question is not properly before the courts of this state in these proceedings.

G. S. 1923 (2 Mason, 1927) § 9768, provides that an appeal in habeas corpus proceedings shall be tried and judgment rendered in the same manner as if the writ had originally issued out of this court. We therefore discharge the writ and remand the prisoner to the custody of the sheriff of Nicollet county to be dealt with in accordance with the terms of the rendition warrant.