## Bryant et al. v. Birdwell et al.

(Decided April 29, 1938.)

768

JAMES C. CARTER, JR., CHARLES C. HARLAN and TANNER OTTLEY for appellants.

HEBRON LAWRENCE, B. F. DENHAM and J. E. LESLIE for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This appeal involves the validity of a local option election held in Monroe county, Ky., on September 25, 1937. The election resulted in a substantial majority of votes in favor of local option, and in due time appellants, who were contestants below, filed their petition in equity in the Monroe circuit court seeking to have said election declared void.

The petition set out various alleged grounds upon which said election should be held void, including the allegation that the petition filed in the office of the county court clerk authorizing the judge of the county court of Monroe county to call the election did not contain a sufficient number of signatures of voters of the county as required by law, in that the number of signatures was less than 25 per cent. of the total number of voters voting at the preceding regular November election in 1936. All material allegations of the petition were denied by answer, and upon the issues thus made the court, after hearing the evidence, adjudged the election valid and dismissed appellant's petition, and to reverse that judgment they have prosecuted this appeal.

In brief of appellants they only insist upon one ground, viz., that the petition filed with the county court clerk did not contain the signatures of 25 per cent. of the legal voters of the county.

It is disclosed in the record that there were approximately 3,900 votes cast at the November election preceding the local option election in question, and the petition, or so many units thereof as was found on file in the office of the county clerk some time after the suit was filed and at about the time appellees filed their answer, contained only 789 signatures, which was less than 25 per cent. of the voters of the county. Appellants rest their case upon the sole ground that the signatures appearing on the petition as then found in the county clerk's office are conclusive and that no parol evidence should have been admitted or considered to rebut that fact.

T. K. Chism testified that he was interested in the local option election and was one of the sponsors of the cause, and that he saw the names of the petitioners on the petition immediately before it was filed with the clerk; that he and J. E. Leslie examined the petition, which was composed of different units, and counted the signatures thereto, in his store a few minutes before the petition was filed with the clerk, and that there were approximately 1,200 names on the petition; that he did not remember the exact number, but was sure that there was over 1,100. He said that he and Mr. Leslie immediately after counting the signatures to the petitions and examining them went to the clerk's office and filed the petitions within five minutes after they had examined them and counted the signatures. He said that Mr. Leslie handed the petition to the clerk and the clerk received it and filed it, and he never saw the petition any more until after the election was held.

J. E. Leslie testified that he and Mr. Chism counted and reviewed about 24 units of the petition, and the ones they actually filed contained 1,249 names or signatures of the voters of the county; that he and Mr. Chism took the petition and handed it to Mr. Bowman, the clerk, and he received it and marked it filed there in their presence; that he did not examine the petition or see it any more before the election; that when they were preparing the answer to appellants' petition he discovered the question was raised as to whether or not the petition contained sufficient number of signatures, and he then got the petition and counted the names and found that it contained less than 800 signatures; and that there were only about 18 or 19 units of the petition,

which was 5 or 6 units less than the number filed with the clerk, by him and Mr. Chism.

F. A. Bowman, county court clerk, testified that the petition was filed with him on July 20, 1937, and he put it in a box in the office but he did not count the signatures. He was asked about how many people and who had access to the petition after it was filed, and he named a number of people, including certain lawyers, but it appears that that was a short time before the giving of his depositions. He said he was out of the state some time after July 20, and his deputy, Delphia Tooley, was in charge of the office. It appears that Mr. Bowman was absent from his office a large portion of the time between July 20th and the date of the holding of the election.

Delphia Tooley testified that Mr. Leslie filed the petition and it was "just filed away in the record like other records." She did not count the signatures on the different units of the petition and did not know how many signatures they contained. She said that she did not know whether the petition as then found in the office later containing only 789 names was in the same condition it was when filed. She had no knowledge of any one having removed any part of the petition or otherwise having interfered with it.

James T. Philpott, judge of the Monroe county court, testified that he made the order calling the election and recited in the order that there was presented in the petition filed with the county clerk more than 25 per cent. of all the votes cast in the county at the last general election. He does not remember whether or not he counted the signatures for himself, but stated that unless he had been satisfied that there was a sufficient number of signatures he would not have made the order calling the election.

It is established by the evidence of Chism and Leslie that the petition they filed with the clerk consisting of about 24 units contained the signatures of more than 25 per cent. of the voters of the county, and their evidence is not contradicted, except by the mere circumstance that the 18 or 19 units of the petition, found in the office of the county clerk some time after the suit was filed, contained less than 800 signatures. The evidence of the clerk and his deputy neither corroborates

nor contradicts the evidence of the witnesses Chism and Leslie. All the clerks' evidence tends to show is that they observed the usual care in the protection of the records of the clerks' office, but their evidence does not show that it was either impossible or indeed improbable that some one could have taken from the files some of the units of the petition, or that same could not have been otherwise lost or misplaced in the handling of them by various people who examined them. We do not think that the evidence of the clerk and his deputy, or other evidence in the record, is sufficient to overcome the direct and positive evidence of the witnesses Leslie and Chism.

The evidence of the County Judge Philpott is favorable to appellees. He says that he was satisfied that the petition filed with the county clerk contained a sufficient number of signatures to authorize him to make the order calling the election, otherwise he would not have made the order. The law presumes that the official acts of officers are valid and authorized until the contrary is clearly established. The fact that the county judge made the order calling the election, which he could not have legally done without a petition containing a sufficient number of signatures, is at least prima facie that the petition did contain the required number, notwithstanding he did not remember having counted the signatures but that he was satisfied that the proper number appeared in the petition.

It appears to us that the evidence of the contestees is amply sufficient to establish the fact that the petition filed with the clerk on July 20, 1937, contained more than 25 per cent. of the signatures of the legal voters of the county.

Appellants insist that if appellees relied upon part of the record having been lost or otherwise misplaced they should have pleaded same, and cite Howard v. Farmer, 268 Ky. 303, 104 S. W. (2d) 957, to support their position. But we do not think this case falls within that rule. The pleadings presented a simple issue of fact. Appellants alleged an insufficient number of signatures, and appellees denied the allegation.

The county judge was satisfied that the petition contained a sufficient number of signatures and made the order calling the election, which has the effect of a judgment of the court adjudging that the petition did

contain a sufficient number of signatures, and the appellants had the burden of proving an insufficient number of signatures, which they failed to do.

It follows that the court did not err in holding the election valid.

Judgment affirmed.