# Oakley v. Franks, Sheriff.

Feb. 20, 1942.

606

S. Y. Trimble, IV, Homer B. Weimer and J. Victor Barr for appellant.

Paul Holbrook for appellee.

OPINION.OF THE COURT BY JUDGE FULTON—Affirming.

On petition of appellant, C. V. Oakley, a writ of habeas corpus was issued, directed to the sheriff of Christian County who then had the appellant in custody. In response to the writ appellee filed as his justification for holding the appellant under arrest a warrant issued by the Governor of Kentucky pursuant to Section 1926 of the Kentucky Statutes. This warrant recited that demand had been made upon the Governor of Kentucky by the Governor of Tennessee in pursuance of the provisions of the Constitution and laws of the United States, accompanied by a duly authenticated copy of an indictment showing that the appellant stood charged in Tennessee with the crime of uttering a worthless check. The sheriff also filed with the warrant a paper signed by the Governor of Tennessee authorizing certain agents designated by him to take charge of appellant for the purpose of bringing him from Kentucky to Tennessee and, accompanying this paper, was a copy of the Tennessee indictment. While this copy of the indictment was authenticated in the usual manner, it was not authenticated by the Governor of Tennessee.

On the hearing on the writ the trial court permitted the appellant to introduce evidence going to the merits of the case. Appellant testified that he received no money at the time the worthless check was issued and that it was issued in payment of an antecedent indebtedness. However, Paul Holbrook, to whom the check was issued, appeared as a witness and flatly contradicted appellant's testimony, testifying that appellant obtained $155 from him at the time of the issuance of the check.

After hearing the evidence the trial court discharged the writ of habeas corpus and ordered the petitioner remanded to the sheriff, to be delivered to the agents of the state of Tennessee designated by the Governor of Kentucky.

On this appeal grounds urged for reversal of the judgment are 1) that the copy of the indictment accompanying the requisition issued by the Governor of the state of Tennessee was not properly authenticated 2) that appellant was not a fugitive from justice and 3) that he had committed no crime in Tennessee.

1. Counsel for appellant apparently treat the paper above referred to, issued by the Governor of Tennessee to agents appointed by him to return the petitioner to Tennessee, as the requisition issued by the Governor of Tennessee and also apparently assume that the copy of the indictment filed by the sheriff was the only copy appearing before the Governor of Kentucky. Such is not the case and all papers filed by the sheriff, as authority for holding the petitioner, except the warrant issued by the Governor of Kentucky may be regarded as surplusage. That warrant was full and ample authority for the sheriff to hold the petitioner and surrender him to the duly designated agents of the state of Tennessee. Further, when the Governor of Kentucky issued this warrant the presumption is that he performed his duty and issued it on demand of the Governor of Tennessee made according to the laws of the United States and the state of Kentucky, since the presumption is that a public officer performed his duty in the manner required by law until the contrary is shown by competent evidence. Tipton v. Brown, 273 Ky. 496, 117 S. W. (2d) 217; Bryant v. Birdwell, 273 Ky. 767, 117 S. W. (2d) 907; Walker v. Horton, 274 Ky. 310, 118 S. W. (2d) 781. A jurisdictional essential to the issuance of the warrant by the Governor of Kentucky was a demand from the Governor of Tennessee

accompanied by a copy of the Tennessee indictment authenticated by the Governor of the latter state. U. S. C. A., Title 18, Section 662; Kentucky Statutes, Section 1926; Ex parte Anderson, 135 Tex. Cr. R. 291, 120 S. W. (2d) 259. Under the authorities cited above the presumption is that the Governor of Kentucky had before him such a demand accompanied by a duly authenticated copy of the indictment. This being true, the sheriff exhibited proper authority authorizing him to hold the appellant when he exhibited the warrant of the Governor of Kentucky. As illustrating the wisdom of the presumption referred to, we have examined the records of the Governor and find on file in the office of the Secretary of State a requisition from the Governor of Tennessee, accompanied by a copy of the indictment authenticated by the Governor of the latter state. It is apparent that this ground of reversal urged by appellant is without merit.

2. The contention that appellant was not a fugitive from justice is equally lacking in merit. To constitute one a fugitive from justice within the meaning of the act of Congress it is only necessary that, having committed a crime, he be absent from the state when he is sought to answer therefor and is found within the jurisdiction of another and his presence in the demanding state at the time a crime is committed is sufficient to justify his return as a fugitive from justice. 22 A. J. 260; 25 C. J. 257. Here, the petitioner stands charged with a felony in the state of Tennessee. He admits being in the state of Tennessee at the time of the alleged crime and is now in this state. This constitutes him a fugitive from justice within the meaning of the act of Congress and the statutory law of Kentucky above referred to.

3. Authorities from the state of Tennessee are cited to establish that it is not a crime under the laws of that state to issue a worthless check for an existing indebtedness or to issue a worthless post dated check. It is then argued that since appellant testified that he obtained no money at the time the worthless check was issued, no violation of the Tennessee law was committed by him. It may well be doubted that in a proceeding of this character the court is justified in hearing evidence on the merits of the case. But, conceding arguendo, that such procedure was proper, we will not disturb the finding of the trial court on highly contradictory evidence on

this issue. In discharging the writ, the trial court, since it went into this issue, necessarily found on the conflicting evidence that appellant obtained money at the time he issued the worthless check and was guilty of a crime or, at least, that there was substantial evidence to this effect. The evidence justified this finding.

Judgment affirmed.