## Abernathy v. Smith et al.

May 3, 1949.

Leland H. Logan and G. D. Milliken, Jr., for appellant.

William H. Natcher and W. Owen Keller, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

At the March term, 1948, the grand jurors of the Superior Court of Fulton County, Georgia, found a true bill against Charles Abernathy, charging him with the offense of larceny after trust, a felony under the Georgia law, section 26-2809, Code of Georgia. A bench warrant was issued for Abernathy on March 30, 1948. Abernathy was not found in the state of Georgia. He had come to Bowling Green, Kentucky.

The Governor of Georgia made application to the Governor of Kentucky for the delivery of Charles Abernathy to an agent of that state for the purpose of returning Abernathy to Georgia, that state having jurisdiction of the crime with which he is charged. The Governor of Kentucky acted on the requisition of the Governor of Georgia by issuing a warrant, setting out that Charles Abernathy is charged with being a fugitive from justice from the state of Georgia and directing that Charles Abernathy be apprehended and brought before some circuit judge of this Commonwealth to ascertain his identity, and if he be the person mentioned in the warrant, to order him delivered to the agent of the state of Georgia.

Abernathy, having been arrested and delivered to the jailer of Warren County, Kentucky, filed a petition and an amended petition for writ of habeas corpus asking that he be discharged.

Vick Smith, jailer of Warren County, filed answer as follows:

"Comes the defendant, Vick Smith, and for his answer to the petition for writ of habeas corpus, states that as jailer of Warren County, Kentucky, he now has in his custody Charles Abernathy who is being held pursuant to executive warrant from the Governor of the Commonwealth of Kentucky which directs that the said Charles Abernathy be arrested and delivered to one J. L. Moseley of the state of Georgia; that attached hereto will be found:

"Executive warrant from the Governor of the Commonwealth of Kentucky, marked 'Exhibit A.'

"Executive request of the Governor of the state of Georgia, marked 'Exhibit B.'

"Bench warrant from state of Georgia, marked 'Exhibit C.'

"Testimony held before the grand jury of the County of Fulton, state of Georgia, marked 'Exhibit D.'

"Affidavit of Kate Langston with picture of Charles Abernathy attached to same, marked 'Exhibit E.'

"Affidavit of Leroy Briggs, marked 'Exhibit F.'

"Affidavit of Lillie Briggs, marked 'Exhibit G.'

"Fulton County Bureau of Identification Record of Charles Abernathy, marked 'Exhibit H.'

"Wherefore, the defendant, Vick Smith, Jailer, will pursuant to petition for writ of habeas corpus produce the said Charles Abernathy at the time and place set and prays for orders of this court instructing him in this matter."

Abernathy filed affidavit stating that he is a citizen and resident of Warren County, Kentucky, 56 years of age; that prior to the summer of 1947, he had lived in Atlanta, Georgia, with Lillian Brown off and on for

about 20 years; that he and she had a disagreement in the summer of 1947; that he left and came to Bowling Green; that she "became angered" at his leaving her; that while on his way to Florida in February, 1948, he passed through Atlanta and called Lillian Brown by telephone; that she warned him that "she was going to get even with him;" that he has not been in the state of Georgia since February, 1948; that he has not fled from the state of Georgia since said date; that on March 15, 1948, the day he is alleged to have committed the crime for which extradition is sought, he was in the city of Birmingham, Alabama.

He produced two letters written him by E. E. Rooney, of the Drennen Motor Car Co. of Birmingham, certifying that "you were in our place of business on March 15" and that "your car did not leave here until after twelve o'clock that day."

The affidavit of Kate Langston is in the record. She attaches pictures of Charles Abernathy and deposes that, "The said Charles Abernathy is the same person as the one who defrauded deponent out of the sum of $1500.00 in Fulton County, Georgia, on March 15, 1948, as charged in indictment No. 62888, Fulton Superior Court." Also a copy of her testimony before the grand jury on March 30, 1948, is in the record.

Lilly Briggs deposes that she saw Charles Abernathy in Fulton County, Georgia, on March 12 and March 16, 1948. An affidavit of Leroy Briggs is to the same effect.

The Fulton County Bureau of Identification furnished a transcription of the record on file with the Bureau of Investigation, Department of Justice, Washington, D. C., showing that Charles Abernathy had been charged with numerous offenses in a number of states.

At the conclusion of the hearing, the trial judge entered judgment as follows:

"This cause coming before the court on the pleadings and proof taken by affidavits and submitted by agreement, the parties being properly before the court and the court being advised, it is ordered and adjudged that the petition for a writ of habeas corpus be denied and that the plaintiff, Charles Abernathy, be delivered

to J .L. Moseley and G. H. Christian, agents and representatives of the state of Georgia, to be delivered to the authorities in the state of Georgia by them pursuant to warrant and extradition.

"It is further ordered that all of the pleadings, exhibits and affidavits be made a part of this record, to all of which judgment of the court the plaintiff objects and excepts, and prays an appeal to the Court of Appeals, which is granted."

As pointed out in the briefs, there are two questions to pass upon in this case: (1) The question of the identity of the person held for extradition; and (2) Is the person charged a fugitive from justice of the demanding state?

Appellant and appellees cite 22 Am. Jur., Extradition, section 21, page 259, where it is said: "In general, upon receipt of a requisition for interstate rendition, the governor of the asylum state has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding state by indictment or affidavit before a magistrate? and (2) is the person a fugitive from the justice of the demanding state? The first of these questions is one of law, while the second is one of fact. * * * The Federal Constitution and the laws of Congress passed in pursuance thereof do not provide for the extradition of any persons except those who have fled from or left the demanding state as fugitives from the justice of that state."

Appellant cites 25 Am. Jur., Habeas Corpus, section 71, page 197, where it is said: "Persons whose extradition is sought are entitled, in habeas proceedings, to be discharged from custody if they are not fugitives from justice,"

and section 72, page 198, where it is said: "Where a proper warrant has been issued, the burden of showing that the prisoner has not fled or is not a fugitive rests upon the prisoner; * * * In most jurisdictions, where there is no question as to the identity of the accused, inquiry is limited to determining whether he was within the demanding state at the time of the commission of the offense with which he is charged."

174

Appellant also cites Oakley v. Franks, Sheriff, 289 Ky. 605, 159 S. W. 2d 415, 61 A. L. R. 715; State ex rel. Lea v. Brown, 166 Tenn. 669, 64 S. W. 2d 841, 91 A. L. R. 1262; and State ex rel. Kollman v. Johnson, Sheriff, 184 Minn. 309, 238 N. W. 490, 77 A. L. R. 899, where it was held that proceedings upon habeas corpus of a prisoner held under a rendition warrant in extradition proceedings are summary in character, and when the extradition papers are in proper form and properly authenticated, substantially charging the person demanded with a crime, the only question for consideration on the habeas corpus hearing is whether or not the accused was within the demanding state when the crime is alleged to have been committed.

We find the case of Knowles, Ex Parte, petition for habeas corpus, from the Warren Circuit Court, 16 Ky. Law Rep. 263, in which the Governor of Kentucky issued his warrant for the arrest of the petitioner, Knowles, upon requisition from the Governor of Alabama. There it was held that proceedings in habeas corpus are not limited to a determination of the sufficiency of the extradition papers and the identification of the prisoner, but may determine the question whether the person demanded is a fugitive from justice.

The able trial judge had before him all of the pleadings, exhibits and proof above summarized. He found that the petitioner, Charles Abernathy, was the person charged and that he was a fugitive from justice from the state of Georgia and denied his petition for a writ of habeas corpus. We agree with the trial judge's findings.

The judgment is affirmed.