Ex parte GRABEL.

Court of Appeals of Kentucky.

Feb. 22, 1952.

Rehearing Denied May 16, 1952.

Davies & Hirschfeld, Newport, for petitioner.

**344**

J. D. Buckman, Jr., Atty. Gen., for respondent.

STANLEY, Commissioner.

The petition for a writ of habeas corpus sought release from custody of the chief of police and jailer of Newport by whom the petitioner, George Grabel, was held under a warrant of extradition issued by the Governor of Kentucky upon the requisition of the Governor of Indiana. The charge is grand larceny committed in Lawrence County, Indiana. The inter-state requisition for one charged with a criminal offense is required by Article 4, Sec. 2, Constitution of the United States, as implemented by an act of Congress. 18 U.S.Code, § 3182; Com. of Kentucky v. Dennison, 24 How. 66, 16 L.Ed. 717. Our statutes define the duties of the Governor and the course of procedure. KRS 440.070.

 In a habeas corpus hearing in an extradition proceeding, it is presumed that the Governor performed his duty and was justified in issuing his warrant. Oakley v. Franks, 289 Ky. 605, 159 S.W.2d 415. The scope of the inquiry is primarily limited to a determination of the sufficiency of the papers and of the identity of the prisoner. Abernathy v. Smith, 310 Ky. 170, 220 S.W. 2d 383; 25 Am.Jur., Habeas Corpus, § 67. In order to overcome the prima facie case made by such warrant, the person held upon the Governor's warrant, identity being established, has the burden of showing absence from the demanding state at the time of the alleged crime, or that he is not a fugitive from justice. And the court should not discharge the petitioner where there is merely contradictory evidence on the subject of presence or absence from the demanding state, for it is not the function of the writ to try a question of alibi or to determine the guilt or innocence of the accused. Oakley v. Franks, 289 Ky. 605, 159 S.W.2d 415; 22 Am.Jur., Extradition, § 54; 25 Am.Jur., Habeas Corpus, §§ 67, 72; Annotations, 51 A.L.R. 798; 61 A.L.R. 715.

 However, whether or not the alleged fugitive is charged with a crime against the laws of the demanding state is a question of law, which, upon the face of the papers, is open to judicial inquiry. But the court is concerned only with the question of whether in a broad and practical sense the papers substantially charge all the essential elements of the crime in the state from which the petitioner is alleged to have fled. Com. of Kentucky v. Dennison, 24 How. 66, 16 L.Ed. 717; Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113; Ex parte Hubbard, 201 N.C. 472, 160 S.E. 569, 81 A.L.R. 547; Ex parte Knowles, 16 Ky.Law Rep. 263, is often cited as Kentucky authority to the same effect. The opinion was that of a circuit judge and is not a binding precedent. However, it is sound and accords with the general rulings of courts of last resort in other states. It may be added parenthetically that until 1940, Acts 1940, Ch. 93, there was no right of appeal to this court in a habeas corpus proceeding.

 In the present case, identity is conceded and the propriety and sufficiency of the extradition warrant of the two executives are not questioned. The petitioner denied he was in Indiana at the time of the commission of the alleged crime and that he was guilty of the charge. There was unequivocal testimony that he was present and affirmative evidence of guilt. The petition charges that the basis of the Indiana warrant of arrest is an affidavit of "information and belief" that the accused had committed the felony of grand larceny. The petitioner maintains that this is not legally sufficient to authorize the warrant of extradition or the honoring of it by the respective Governors. Except in a very clear case, extradition should not be denied on the ground of insufficiency of the charge of a crime. While we have held in this jurisdiction that a warrant of arrest should not issue upon an affidavit limited to a statement of information and belief without relating facts, Harvey v. Commonwealth, 226 Ky. 36, 10 S.W.2d 471, the law of Indiana authorizes prosecution upon an affidavit of information and belief. Burns' Indiana Statute, § 9-908; State v. Bingman, 206 Ind. 486, 190 N.E. 176. It is clear that the release upon the writ of habeas corpus was properly denied by the judge of the Campbell Circuit Court.

The petition for the writ was filed December 9, 1949. By agreement, the hearing was continued until January 20, 1950, the petitioner being released on $1,000 bond. The trial was had on that day, but no judgment was entered until October 2, 1950. The cause of the delay of more than eight months does not appear. Then the judge "deferred judgment" and approved a supersedeas bond. Such a bond, with consequent suspension of a judgment, has no place in a proceeding of this kind. It is limited to superseding a money judgment or a mandamus in a civil action. Sec. 747 et seq., Civil Code of Practice. However, in the ordinary criminal case, the court has limited authority to suspend execution of a judgment of conviction. Secs. 336, 349, Criminal Code of Practice. There is no special provision in our codes of practice for a stay pending a proceeding to obtain a review in the ordinary habeas corpus proceeding. See 39 C.J.S., Habeas Corpus, § 115. The Code provisions for a review amply provide for a speedy disposition. Sec. 429–1, Criminal Code of Practice. But a habeas corpus proceeding for relief from interstate extradition stands in a class to itself. It is said in Commonwealth ex rel. Jewell v. Roberts, 212 Ky. 351, 279 S.W. 330, 331, to be the "well settled rule that, in extradition proceedings pursuant to the act of Congress, the defendant may not be admitted to bail in the state in which he is arrested." There is some authority to the contrary, but the cases seem to have been upon exceptional facts. 22 Am.Jur., Extradition, § 33. As stated in 39 C.J.S., Habeas Corpus, § 39, page 564, "In the absence of a prima facie showing that the extradition proceedings are not regular, the court will not admit a prisoner to bail pending determination of habeas corpus proceedings." The reasons for the denial of bail are thus aptly stated in Hames v. Sturdivant, 181 Ga. 472, 182 S.E. 601, 602:

"The state, having no interest, could not sue upon it if the prisoner flee the realm pending the appeal. If given to an officer or individual, he would have no interest in any 'eventual condemnation-money' or the like, as appertains in a civil case. Furthermore, if a bond be given, there is nothing to prevent the flight of the accused, and by repeated habeas corpus proceedings he would, in effect, though each time apprehended, be able to defeat the administration of the law of the state where he is charged with a crime. By denying him bond and letting him be rendered to the state whose requisition the Governor has honored, the court does not deprive him of the right to obtain bond in the state to which he is returned. That is the forum in which his liberty should be sought; and if he elect to test, by habeas corpus proceedings, his detention in an asylum state, and take an appeal when he is by the court remanded to custody, he must remain in that custody pending the decision of the appellate court."

Other well considered cases are State v. Quigg, 91 Fla. 197, 107 So. 409; In re Thompson, 85 N.J.Eq. 221, 96 A. 102; Waller v. Jordan, 58 Ariz. 169, 118 P.2d 450, 143 A.L.R. 1349.

There is more for our consideration than this erroneous allowance of release on a supersedeas bond. The record was filed in this court within ten days, Sec. 429–1, Criminal Code of Practice, but a series of motions by the petitioner for time to file brief were sustained in the absence of objection until June 8, 1951, a period of eight months. The Attorney General delayed filing brief until February 11, 1952. Our attention was not called to the nature of the case until it was received for consideration. There has been enough indefensible delay.

The judgment is affirmed with directions to issue an immediate mandate.