## COMMONWEALTH v. HAYS.

Court of Appeals of Kentucky.

May 7, 1954.

A. Scott Hamilton, Commonwealth Atty., Louisville, for appellant.

William A. Armstrong, Louisville, for appellee.

SIMS, Chief Justice.

This is a habeas corpus proceeding brought by the appellee, Miller Hays, whereby he seeks to be discharged from custody. The trial judge sustained Hays' writ and the Commonwealth appealed under Criminal Code of Practice, § 429–1.

The State of California sought the return of Hays as a fugitive from justice. He was indicted in that State for violating § 270 of the California Penal Code, and a duly authenticated copy of the indictment is in the record. The Governor of Kentucky issued his warrant under KRS 440.070 upon which appellee was arrested by the Sheriff of Jefferson County.

The pertinent part of § 270 of the California Penal Code reads:

"A father of either a legitimate or illegitimate minor child who wilfully omits without lawful excuse to furnish necessary food, clothing, shelter or medical attendance or other remedial care for his child is guilty of a misdemeanor and punishable by imprisonment in the county jail not exceeding two years or by a fine not exceeding one thousand dollars, or by both. *If the father, during such violation, remains out of the State for thirty days,* or if he fails or refuses to comply with the order of a court of competent jurisdiction requiring him to make any provision for the maintenance, support, medical treatment or other remedial care of such minor child and remains out of the State for ten days without doing so, he is guilty of a felony. This statute shall not be construed so as to relieve such father from the criminal liability defined herein for such omission * * *." (Our italics.)

Hays filed his petition for a writ of habeas corpus in the lower court upon the ground that a violation of § 270 of the California Penal Code "is not a strictly criminal charge under § 3182, Title 18, U.S. C.A.", therefore he could not be extradited to California. He insists that § 270 is analogous to a bastardy proceeding and cites several California cases, as well as our case of Commonwealth ex rel. Baker v. Bondie, 277 Ky. 207, 126 S.W.2d 148, to the effect that a bastardy proceeding is a civil action. However, he loses sight of the fact that he is charged with remaining out of the State of California for more than 30 days without making suitable provision for his minor child, which is a felony under California law. The indictment does not charge appellee with bastardy, which is admitted by him to be a civil proceeding for the determination of the paternity of illegitimate children, both in California and Kentucky. The paternity of the child which appellee is indicted for deserting was determined in a civil proceeding in California wherein Hays was adjudged to be the father of the child in question prior to his being indicted for deserting it.

Our statutes provide that upon the demand of the Governor of another state, the Governor of Kentucky shall issue his warrant for the arrest of any person charged with a felony in the demanding state. KRS 440.070, 440.080.

None of the usual grounds for contesting extradition were raised in the writ, to-wit, (1) the identity of the accused, or (2) whether Hays was present in the demanding state at the time of the commission of the alleged felony. Since in a hearing in this character of case it is not for the court to determine the guilt or innocence of accused, we only have before us the question of whether Hays is charged with a felony in California. Oakley v. Franks, 289 Ky. 605, 159 S.W.2d 415.

The indictment charges: "that said defendant did, on or about said 15th day of January 1951, at and in said county and state, ever since said date has, and still does willfully omit, without lawful excuse, to furnish necessary food, clothing, shelter, and medical attendance for his said minor

child; That said Miller Hays since the 18th day of May 1951, has been out of the State of California and now is out of the State of California, a period in excess, of thirty (30) days, and during all of said period of time, said Miller Hays has failed and neglected to provide his said minor child as aforesaid." This language clearly charges appellee with the commission of a felony in California under § 270 of its Penal Code.

Therefore the trial judge erred in sustaining Hays' petition for a writ of habeas corpus and in ordering that he be discharged from custody.

The judgment is reversed for proceedings consistent with this opinion.