David C. GALLOWAY, Appellant,

v.

Raymond McCLARD, Jailor Warren County, Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 10, 1958.

Rodes K. Myers, Bowling Green, for appellant.

Morris Lowe (Acting County Atty.), Bowling Green, Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

An authorized judge of the municipal court of Los Angeles, California, upon affidavits stating certain facts and definitely charging David C. Galloway with having stolen a concrete mixer worth more than $500, issued a warrant for his arrest on the charge of "grand theft," a felony defined by § 487, subsection 1, of the West's Ann.Penal Code of California. Upon being furnished a certified copy of warrant and "complaint" upon which it was issued, the police of Bowling Green, Kentucky, arrested Galloway. Thereafter, the Governor of California made requisition upon the Governor of Kentucky for his extradition. Governor Chandler appointed a commissioner to consider the record and conduct a hearing. The extradition papers and supporting documents, being in proper form, were regarded as establishing a prima facie case or right of California to have the prisoner returned to that state. In testifying before the commissioner, the accused, Galloway, admitted he was in

California about the time of the theft, namely on or about May 7, 1958, and had left there to avoid arrest. He gave evidence tending to show his innocence of the crime charged.

Upon report and recommendation of the commissioner, Governor Chandler honored the requisition and directed that the prisoner be held under a fugitive warrant until he could be removed to California. KRS 440.070, 440.080.

Galloway thereupon petitioned the judge of the Warren Circuit Court for a writ of habeas corpus. He made several allegations of law and fact which he deemed sufficient to prevent extradition and to justify his discharge from custody. After a trial, the judge refused the writ and dismissed the petition. This appeal follows.

The petitioner has sought release upon the grounds that (1) the Governor's action was not based upon a hearing conducted by him but upon a commissioner's report, hence, his action is illegal because the petitioner has been denied due process of law; (2) the warrant issued by the Los Angeles court was founded upon "information and belief;" and (3) there was no proof offered before the commissioner that a crime had been committed by the accused in California or that he was in that state at the time the offense charged was committed.

The Governor followed the usual procedure of appointing a commissioner to conduct a hearing when extradition is resisted. Our statutes do not require that a hearing be held. See KRS 440.070. The Governor may be guided by the record as prima facie evidence in acting upon a requisition for extradition. If substantial objection be raised by the alleged fugitive, the Governor may, in his discretion, grant him a hearing; but the fugitive has no constitutional or statutory right to demand a hearing. Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515; State ex rel. Horowitz v. Jones, 245 Minn. 125, 71 N.W.

2d 839. If the Governor grants a hearing, it may be in such mode and manner as he deems satisfactory, as by appointing a commissioner to receive the evidence and make a report thereof. This does not delegate any authority or power of the Governor. He alone determines whether he will honor or refuse extradition. Ex parte Pelinski, Mo., 213 S.W. 809. The burden is upon the alleged fugitive to overcome a prima facie case made by the warrant of the Governor of the demanding state. Notes 51 A.L.R. 810, 811; 61 A.L.R. 717.

All of the other grounds upon which the appellant has sought release have been considered and found to be without merit. The questions are fully discussed and the applicable law set forth in several cases. Oakley v. Franks, 289 Ky. 605, 159 S.W.2d 415; Abernathy v. Smith, 310 Ky. 170, 220 S.W.2d 383; Ex parte Grabel, Ky., 248 S.W.2d 343. Repetition is unnecessary.

Judgment is affirmed.