Ex parte Brown Martin NOEL.

Court of Appeals of Kentucky.

Sept. 30, 1960.

904

Howell W. Vincent, Covington, Lewis Levy, Cincinnati, Ohio, for appellant.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

By petition to the Kenton Circuit Court for a writ of habeas corpus, Brown Noel sought to be released from the custody of the jailer of that county where he was being held under a warrant issued by the Governor under KRS 440.070. The circuit court refused to release him.

On the 30th day of December 1959, the place of business of the Mason Jewelers, Inc., in Huntsville, Alabama, was entered and about $15,000 worth of merchandise was carried away.

On January 3, 1960, Brown Noel was arrested under a fugitive warrant (KRS 440.080) issued from the Covington Police Court upon affidavit by a member of the Police Department of that city. He was soon released upon the execution of a $5,000 bond for appearance on January 27, 1960. The hearing was later postponed to February 24, 1960.

On January 15, 1960, the Governor of Alabama requested extradition and filed an affidavit and warrant in support. On the 25th day of January 1960, the Governor of this Commonwealth issued a rendition warrant under KRS 440.070, and under the processes required for interstate requisition by Article IV, Section II of the Constitution of the United States and by an Act of Congress which is codified in 18 U.S.C.A. § 3182. The rendition warrant issued by the Governor was served on Brown Noel on February 19, 1960.

Under the terms of KRS 440.070, a fugitive may be apprehended and brought before a circuit judge who is charged with the duty to ascertain if the person in custody is the fugitive named in the warrant. When satisfied as to identity, he is directed to order the delivery of the prisoner to the agent of the state which demanded him.

On January 27, 1960, appellant filed in the Kenton Circuit Court a petition for a writ of habeas corpus and at a hearing of it (February 19, 1960), the sufficiency of the rendition warrant was tested and, at the same time, the identity of Brown Noel was established.

On this appeal it is contended that appellant should have been proceeded against solely under the provisions of KRS 440.080, and not under KRS 440.070. It is argued that the Kenton Circuit Court had no jurisdiction of the case because appellant was first arrested under a fugitive warrant issued by the police court, and once that action had been taken in the police court, all subsequent proceedings should also be under the same section of the statute, and in the same court. This is an unusual argument since appellant selected the circuit court as the correct forum in which to apply for a writ—and certainly the circuit court has jurisdiction of such matters. Criminal Code of Practice, § 399.

At the time this habeas corpus proceeding was instituted (January 27, 1960) the accused was at liberty under an appearance bond. The return on the rendition warrant discloses that it was served February 19, 1960. The writ is appropriate only where there is actual or physical restraint, and a person out on bail is not so restrained. Robinson v. Bax, Ky., 247 S.W.2d 38. Therefore, no writ of habeas corpus would lie if directed at the proceedings in the police court.

Historically, habeas corpus proceedings have been used as a method of testing the propriety of extradition proceedings. 25 Am.Jur. Habeas Corpus, Section 67, page 192. In some states, and in this one, statutes have been passed, such as our own KRS 440.070, which give to the accused the same right which he formerly obtained upon inquiry under a writ of habeas corpus, so appellant could have achieved the same result upon a hearing, after service of the Governor's rendition warrant, as he would have by the institution of this action. In either case, the circuit court was the proper forum for investigation.

We find no irreconcilable conflict between KRS 440.070 and KRS 440.080. The latter was designed as a means for the apprehension of one who has committed a crime in another state and for his detention pending the arrival of a request for extradition from that state. It will be noted that this statute provides that the judge—whether circuit, county or police—if satisfied of the person's guilt shall commit him to jail for sixty days "unless he is legally discharged or removed upon the demand of the executive of the state in which it is charged that the offense was committed." Also: "The person who caused the arrest of the fugitive shall notify the executive of the state in which the crime was committed that the fugitive is being held in custody. The Governor of this state, upon a proper demand made, shall issue his warrant directing the officer having custody of the prisoner to deliver him to the agent of the state demanding him."

By the exact terms of KRS 440.080, it is anticipated that proceedings may be terminated by action taken under KRS 440.070, which requires that after the Governor issues a rendition warrant it be returned to a circuit court for identification of the prisoner. We are informed that both sections have been repealed by the Uniform Extradition Act, passed at the 1960 regular session of the General Assembly.

■ Appellant next contends that this action is of a civil nature and, under CR 52.01, the trial court committed prejudicial error when it failed to find facts specifically, and to state separately its conclusion of law.

It is true that generally the Civil Rules of Practice and Procedure apply to actions which are considered to be civil in nature. In some instances certain provisions of the old Code of Civil Procedure were applied to criminal action. This condition was recognized in the Act which authorized and made effective the rules of civil procedure promulgated by this court.

KRS 447.155 reads:

"The rules of the Court of Appeals shall apply to criminal procedure in all situations where any provision of the Civil Code, superseded by the rules, has heretofore been made applicable to criminal procedure either by express reference or by interpretation."

We remember no instance where provisions of the old Civil Code were made applicable to habeas corpus proceedings. The Civil Rules have not been made applicable by reference or interpretation, and no constitutional provision precludes the legislature from outlining habeas corpus procedure in the Criminal Code of Practice, regardless of the fact that the writ may be considered to have civil characteristics. We have concluded that the formulation of the new civil rules did not disturb the methods delineated in Chapter IV of the Criminal Code of Practice and accepted by the courts for many years.

■ It is contended that the warrant charging appellant with the commission of an offense in Alabama was not "an affidavit made before a magistrate of any State." Section 3182 of Title 18 of U.S.C.A. reads in part:

"Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory * * *".

In the case at bar, the affidavit was made before the circuit solicitor and not before a magistrate as we understand that term. Subsection (3) of Section 229 of Title 13 of the Code of Alabama reads:

"Every circuit solicitor, deputy circuit solicitor, assistant deputy circuit solicitor, county or other solicitor by whatever name called within the circuit,

county or other territory for which he is elected or appointed shall have the power to take oaths in support of complaints and to issue warrants in all criminal cases, provided, that such warrants shall be made returnable to a court having original jurisdiction of the offense charged.

"Provided that this section shall not apply to counties which comprise one entire circuit with more than two and less than five circuit judges."

Appellant's argument is apparently based on the idea that the word, magistrate, is confined in its meaning to the one officer we designate in this state as magistrate. The word, magistrate, in its generic sense is defined as a person clothed with power as a public civil officer, or a public civil officer invested with executive or judicial power. It seems certain that in Alabama the circuit solicitor is empowered to administer oaths and issue warrants in all civil cases and is a person who may be classified as a magistrate under the Act. Other courts have held that an affidavit before officers other that the one we designate as magistrate is sufficient. Compton v. State of Alabama, 214 U.S. 1, 29 S.Ct. 605, 53 L.Ed. 885; Marks v. Eckerman, 57 App.D.C. 340, 23 F.2d 761; Collins v. Traeger, 9 Cir., 27 F.2d 842.

▆ Finally appellant attacks the sufficiency of the affidavit on the grounds that it does not specify a time or day upon which the alleged crime was committed and does not state facts from affiant's own personal knowledge. In Ex parte Grabel, Ky., 248 S.W.2d 343, 344, this court said:

"However, whether or not the alleged fugitive is charged with a crime against the laws of the demanding state is a question of law, which, upon the face of the papers, is open to judicial inquiry. But the court is concerned only with the question of whether in a broad and practical sense the papers substantially charge all the essential elements of the crime in the state from which the petitioner is alleged to have fled."

Although it is with some reluctance we attempt to state the law of a sister state, still it seems plain to us that the affidavit is sufficient under Alabama law. The affidavit, in the case under consideration, follows the form set forth in Section 496 of Title 13 of the Code of Alabama. That section permits the affidavit to be made when affiant "has probable cause for believing and does believe" that the offense has been committed. Neither does it require specific time to be designated.

▆ Section 237 of Title 15 of the same Code provides that it is not necessary in an indictment to state the time when the offense was committed. The general allegation that the offense was committed any time before the finding of the indictment is sufficient unless time is an essential part of the offense. Later at the trial it must be shown that the crime was committed within the period which is prescribed as a bar against prosecution. In any event, appellant has not demonstrated to us nor has he cited any cases which hold that either the warrant or the affidavit was defective under Alabama law.

▆ The only question at the trial of this case was whether or not the appellant was present in Alabama on the day in question. There was contradictory evidence on that question and the court properly denied the writ because it is not his duty at such a hearing to determine the guilt or innocence of the accused.

The judgment is affirmed.