# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JACOB EDWARD CAMPBELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-B-896     J. Randall Wyatt, Jr., Judge**

---

**No. M2013-02664-CCA-R3-ECN - Filed March 26, 2014**

---

The petitioner filed pro se a writ of error coram nobis seeking relief from his first degree murder and robbery convictions. The trial court summarily denied relief and this appeal followed. We affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jacob Campbell, pro se, appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; Clarence E. Lutz, Senior Counsel; for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Jacob Campbell ("the Petitioner") was convicted by a Davidson County jury of first degree premeditated murder, first degree felony murder, and robbery. The trial court merged the first degree felony murder conviction into the first degree premeditated murder conviction. The jury sentenced the Petitioner to life imprisonment for his first degree murder conviction, and the trial court sentenced him to ten years' incarceration for his robbery conviction. The trial court ordered the sentences to be served consecutively. Accordingly, the trial court entered its judgments against the Petitioner on August 16, 2002. This Court affirmed the Petitioner's convictions and sentences on direct appeal. See State v. Jacob Edward Campbell, No. M2003-00597-CCA-R3-CD, 2004 WL 508477, at *24 (Tenn. Crim. App. Mar. 15, 2004), perm. app. denied (Tenn. Oct. 4, 2004). The Petitioner subsequently filed for post-conviction relief, which was denied, and this Court affirmed the denial of post-

conviction relief on appeal. See Jacob Edward Campbell v. State, No. M2006-02727-CCA-R3-PC, 2007 WL 4224632, at *6 (Tenn. Crim. App. Nov. 30, 2007), perm. app. denied (Tenn. Apr. 7, 2008). On December 17, 2012, the Petitioner filed pro se a writ of error coram nobis, alleging the existence of newly discovered evidence. Specifically, the Petitioner submitted an affidavit from an inmate, alleging that Jarret Guy, the Defendant's co-conspirator, admitted to the affiant that Guy committed these crimes with his wife and not the Defendant. According to the affidavit, Guy told the affiant that the Defendant did not get involved until Guy asked the Defendant to help him sell the stolen items. The trial court summarily denied relief on the basis that the pleading was time-barred and not subject to due process tolling. The Petitioner appealed, and the State moved this Court to affirm the trial court's judgment pursuant to Rule 20, Rules of Court of Criminal Appeals.[1] The State's motion is well taken, and accordingly, we affirm the trial court's judgment pursuant to Rule 20.

The relief obtainable pursuant to a writ of error coram nobis "shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." Tenn. Code Ann. § 40-26-105(b) (Supp. 2011).

The statute of limitations for coram nobis claims is one year. Tenn. Code Ann. § 27-7-103 (2000) ("The writ of error coram nobis may be had within one (1) year after the judgment becomes final."). This time period begins to run on the date that the judgment of the trial court becomes final, "either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." Harris v. State, 301 S.W.3d 141, 145 (Tenn. 2010) (citing State v. Mixon, 983 S.W.2d 661, 670 (Tenn.1999)). "We construe the coram nobis statute of limitations consistent with the longstanding rule that persons seeking relief under the writ must exercise due diligence in

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

presenting the claim." Id. (citing Mixon, 983 S.W.2d at 670). The burden is on the State to raise the statute of limitations bar as an affirmative defense. Id.

In certain coram nobis claims "based on newly discovered evidence of actual innocence," a tolling of the statute of limitations may be required on due process grounds. Id. (citing Workman v. State, 41 S.W.3d 100, 101 (Tenn.2001)). Put another way, "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

"To determine whether due process requires tolling, a court must weigh the petitioner's interest in obtaining a hearing to present a later-arising ground for relief against the State's interest in preventing stale and groundless claims." Harris, 301 S.W.3d at 145 (citing Workman, 41 S.W.3d at 103). A court should conduct the following inquiry when balancing these interests:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn.1995).

The Petitioner filed his pleading approximately ten years after the relevant judgments became final. Moreover, he has failed to establish that his liberty interest outweighs the interest of the State "in preventing stale and groundless claims." Harris, 301 S.W.3d at 145 (citing Workman, 41 S.W.3d at 103). The affidavit submitted by the Petitioner merely serves to contradict overwhelming evidence at trial that the Petitioner committed this offense, including testimony of the Petitioner's own admission to the crime from the Petitioner's cell-mate. See Hawkins v. State, 220 S.W.2d 383, 391-92 (1967) (stating that newly discovered evidence that would serve only to impeach or contradict evidence at trial is not alone sufficient grounds to grant a new trial). Therefore, the trial court committed no error in summarily dismissing the petition on this ground.

In conclusion, the Petitioner's pleading is untimely, and the Petitioner has failed to establish that due process requires tolling of the statute of limitations. Accordingly, we

affirm the trial court's summary dismissal of coram nobis relief pursuant to Rule 20, Rules of Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, JUDGE