## TABORN v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8458. Decided Mar. 5, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

566. FUGITIVES FROM JUSTICE — 601. Habeas Corpus.

In habeas corpus proceedings, to secure release of party arrested as fugitive from justice, claiming such arrest to be unlawful, sole inquiry before court is whether there is pending against accused, in foreign state, a felony charge, and whether papers produced to substantiate it are in order.

Error to Common Pleas.

Judgment affirmed.

Alexander H. Martin, Cleveland, for Taborn.
E. H. Boers, Cleveland, for State.

PER CURIAM.

Plaintiff in error was arrested as a fugitive from justice. He filed a petition in habeas corpus in the Court of Common Pleas alleging that his arrest was unlawful. After a hearing his petition was denied and he was remanded to the custody of the officers for the purpose of being extradited to the State of Michigan, and this proceeding seeks to reverse the finding and judgment of the Common Pleas Court.

It appears that plaintiff in error was married in Kalamazoo, Michigan, a number of years ago and as a result of said marriage there were born three children who are still minors. The State of Michigan seeks to extradite plaintiff in error because there is pending against him in the State of Michigan a charge of a felony under section one of Act 276 of the laws of 1917 of the State of Michigan, which is as follows:

"Where in any decree of divorce granted in this state, where personal service is had upon the father of any minor child or children, under the age of fifteen years, the court shall order such father to pay any amount to the Clerk of the Court for the support of such minor child or children, and shall said father refuse or neglect to pay such amount at the time stated in such order and shall leave the State of Michigan, said father shall be deemed guilty of a felony * * *."

The affidavits upon which the arrest of Raymond T. Taborn is sought, charge that personal service was had upon him in a divorce action which his wife filed against him and that he was the father of three children then and there under the age of fifteen years, and that he left the State of Michigan after refusing and neglecting to pay the amount decreed by the court for the support of his minor children.

The question presented to us is whether the Common Pleas Court in the habeas corpus proceedings may inquire into extraneous circumstances, such as whether or not the plaintiff in error was in the State of Michigan at the time the decree was entered against him.

In the case of Biddinger v. Commissioner of Police, 245 U.S., 128, the court held:
"The determination of the question rests in reality with the Governor of the surrendering state. It is he who is charged with the responsibility of determining whether the person demanded as a fugitive shall be surrendered; whether he is in fact a fugitive from justice. The function of a writ of habeas corpus is not to permit the court to substitute its judgment on this question of fact for that of the governor."

Likewise Ex parte Reggel, 114 U.S., 642, wherein the court held as follows:
"The prisoner should not be discharged merely because, in the judgment of the court, the evidence as to his being a fugitive from justice was not as full as might properly have been required or because it was so meager as perhaps, to admit of a conclusion different from that searched by him."

Likewise Appleyard v. Massachusetts, 203 U.S., 222, wherein the court held as follows:
"A faithful, vigorous enforcement of the constitutional and statutory provisions relating to fugitives from justice is vital to the harmony and welfare of the states, and the provisions of the Constitution should not be so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state."

If the plaintiff in error has a defense to the felony charge pending against him in the State of Michigan, he may interpose it when he is arraigned before the Michigan Court on that charge. The sole inquiry in the case before us is whether there is pending against plaintiff in error in the State of Michigan a felony charge, and whether the papers produced to substantiate it are in order. The authorities cited seem to indicate that view.

We find no error in the judgment of the Common Pleas Court and the same will be affirmed.

Sullivan, PJ., Vickery and Levine, JJ., concur.