961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Saul SCHERZER, aka Michael James Scott, Defendant-Appellant.
 Nos. 90-50270, 90-50271.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1992.*
Decided April 27, 1992.
 
 Before PREGERSON, D.W. NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Scherzer was convicted by a jury of a total of six counts of wire fraud, in violation of 18 U.S.C. § 1343. Scherzer was sentenced to jail and ordered to pay restitution. On appeal, Scherzer raises a host of issues. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject Scherzer's arguments.
 
 OVERVIEW
 
 3
 Scherzer obtained a $1.5 million loan from E.F. Hutton, purportedly for real estate development (E.F. Hutton loan), and a $3 million loan from a consortium of lenders, purportedly to develop a condominium and lodge (Fire Mountain loan). In applying for these loans, Scherzer informed the lenders that he and his company, MicSa International, were worth in excess of $59 million, and submitted a falsified Dun & Bradstreet report indicating that MicSa held a fifty per cent interest in Southern Logging and Minerals Corporation valued at $105 million.
 
 
 4
 On appeal, Scherzer concedes the following: (1) interstate wire transmissions were made during the E.F. Hutton and the Fire Mountain transactions; (2) he "made certain misrepresentations to lenders in applying for the loans"; (3) "the financial statement [setting his worth at $59 million] and the Dun & Bradstreet reports used in the loan package[s] were false" and that "he owned no interest in logging, minerals or timber land, as reflected in the Dun & Bradstreet reports"; (4) none of the proceeds from the E.F. Hutton loan were spent on real estate development; (5) at the time of the Fire Mountain loan, he was not engaged in "any viable real estate projects"; (6) he admitted the day he received the Fire Mountain loan that he would not be able to repay the loan; and (7) proceeds from the loans were spent on "personal expenses, including a luxury car, polo ponies, and a high rise condominium overlooking the ocean."
 
 DISCUSSION
 
 5
 Scherzer raises three principal arguments. The first is that there is insufficient evidence to convict him of wire fraud. Scherzer does not dispute, however, that he failed to raise this issue at trial, and that therefore his insufficiency of the evidence claim on appeal must be reviewed for plain error only. Plain error is invoked to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process. United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046 (1985).
 
 
 6
 As noted above, Scherzer concedes that he used wire services in his transactions with the lenders, that he made material misrepresentations as to his assets in order to secure the loans, that he did not use the loans for their stated purposes, that he misappropriated the loans for his personal consumption, and that he could not repay the loans.
 
 
 7
 Nevertheless, Scherzer argues that there is insufficient evidence to convict him of wire fraud. Scherzer's argument has two principal components. First, Scherzer argues that calls placed to E.F. Hutton after it had disbursed funds to Scherzer are not evidence of wire fraud. Second, Scherzer argues in a similar vein that the wiring of interest payments to the Fire Mountain lenders after the disbursement of funds is not evidence of wire fraud. Scherzer is wrong. In the related area of mail fraud, we have previously held that interstate mailings designed to lull lenders into a false sense of security--even when made after the initial fraud is complete--qualify as part of the underlying fraudulent scheme for the purposes of establishing federal criminal liability. United States v. Feldman, 853 F.2d 648, 655 (9th Cir.1988), cert. denied 489 U.S. 1030 (1989). There is no basis to Scherzer's various arguments that there was insufficient evidence to convict him of wire fraud, and it was not plain error for the jury to convict Scherzer on the basis of the evidence presented.
 
 
 8
 Scherzer next argues that his indictment for wire fraud involving the Fire Mountain loan was barred by the statute of limitations. However, "[t]he statute of limitations is a defense that must be asserted on the trial by the defendant in criminal cases." Biddinger v. Commissioner of Police, 245 U.S. 128, 135, 38 S.Ct. 41, 43 (1917). Defenses based on defects in the institution of the prosecution must be raised prior to trial. Fed.Rule Crim.Proc. 12(b). The failure to timely raise such a defense constitutes waiver thereof, though the court may grant relief from the waiver for good cause. Fed.Rule Crim.Pro. 12(f). In Scherzer's case, no good cause appears. Scherzer's statute of limitations defense is deemed waived, and we do not consider its merits.
 
 
 9
 Finally, Scherzer argues that we must remand his case to allow the trial court to modify the restitution award. Scherzer argues that the restitution order is invalid because it does not specifically provide for a set off of his potential civil liability. The potential for double recovery where a court orders criminal restitution is considered at 18 U.S.C. § 3663(e)(2). There is no need to remand this case to the district court for further consideration of the double recovery issue.
 
 CONCLUSION
 
 10
 Scherzer raises a number of challenges to his convictions for wire fraud. We find that these challenges are without merit. The convictions are AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3